## 31262. HOUSTON et al. v. RUTLEDGE.

GUNTER, Justice.

The appellants are representatives of two Columbus, Georgia newspapers. They filed their complaint against the sheriff in the trial court. It contended that the sheriff had refused to let them inspect files maintained by him in his office relating to the deaths of inmates in the jail under his supervision during a period of several years; and it sought a judgment of the court requiring the sheriff to make these files available to them for inspection.

The sheriff filed responsive pleadings in which he admitted the existence and his possession of the files; he admitted that he had refused to make the files available to the appellants for inspection; he contended that the files were not public records that were available to the general public for inspection; and he further contended that the files were not prepared and maintained pursuant to any statute or ordinance but were merely prepared and maintained by him or at his direction as a matter of administrative discretion.

The trial judge conducted an evidentiary hearing, he rendered findings of fact and conclusions of law, and he entered a judgment in favor of the sheriff that dismissed the appellants' complaint on its merits. The appellants have come here for review of that judgment.

The issue for decision is whether the six files involved in this litigation are or are not "public records" within the meaning of Code Ann. § 40-2701 which is a statutory provision that provides for the right of the public to inspect records. This statute reads: "All State, county and municipal records, except those, which by order of a court of this State or by law, are prohibited from being open to inspection by the general public, shall be open for a personal inspection of any citizen of Georgia at a reasonable time and place, and those in charge of such records shall not refuse this privilege to any citizen."

In resolving the issue in this case the judiciary must determine the meaning of this statute, not in the abstract, but in the very real and practical factual situation presented by these contesting parties. Put another way, the judiciary must determine the applicability or

non-applicability of this statute to the six particular files involved in this case.

First, are these six files "public records" within the meaning of this statute? These files, and the documents or papers contained therein, are not required to be made and maintained by any statute or ordinance. However, the transcript shows that they were prepared and are maintained by the sheriff, or at his direction, in the ordinary course and operation of this public office. We therefore conclude that documents, papers, and records prepared and maintained in the course of the operation of a public office are "public records" within the meaning of this statute, and it is immaterial that such documents, papers, and records were not required to be prepared and maintained pursuant to a statute or ordinance.

Having determined that the six files involved here are "public records" within the meaning of this statute, the second question is this: Are these public records maintained by the sheriff now, at this time, open for inspection to an inquiring citizen? We do not believe that the General Assembly intended that all public records of law enforcement officers and officials be open for inspection by a citizen as soon as such records are prepared. Statements, memoranda, narrative reports, etc. made and maintained in the course of a pending investigation should not in most instances, in the public interest, be available for inspection by the public. However, once an investigation is concluded and the file closed, either with or without prosecution by the state, such public records in most instances should be available for public inspection. When a controversy of this nature arises between a citizen and a public official, the judiciary has the rather important duty of determining whether inspection or non-inspection of the public records is in the public interest. In short, the judiciary must balance the interest of the public in favor of inspection against the interest of the public in favor of non-inspection in deciding this issue.

Generally, the public records that are prepared and maintained in a current and continuing investigation of possible criminal activity should not be open for public inspection. On the other hand, and again generally,

public records prepared and maintained in a concluded investigation of alleged or actual criminal activity should be available for public inspection.

In the instant case the trial judge did not reach the point of balancing the public interest in favor of disclosure against the public interest in favor of non-disclosure of these particular six files admittedly prepared and maintained by the sheriff. For this reason we deem it appropriate to vacate the judgment rendered below and remand this case to the trial court for further proceedings in which he will balance the public interest in favor of disclosure against the public interest in favor of non-disclosure.

This is not a First Amendment case; it is merely one of statutory construction; but in our construction of this statute we have attempted to apply First Amendment principles which favor open, unfettered communication and disclosure except where some limitation thereon is required in the public interest.

*Judgment vacated with direction. All the Justices concur, except Jordan, J., who dissents.*

ARGUED JULY 12, 1976 — DECIDED OCTOBER 19, 1976.

*Hatcher, Stubbs, Land, Hollis & Rothschild, J. Madden Hatcher, Jr.,* for appellants.

*Lennie F. Davis, E. H. Polleys, Jr.,* for appellee.

INGRAM, Justice, concurring.

I concur in the opinion and judgment of the court in this case. However, I would make it clear that, since the files here involved have been determined to be public files, there is a strong presumption that they should be made available for public inspection immediately. Admittedly, there may be some valid reason why the public interest would not be served by immediate disclosure of the files. However, the record before this court fails, in my opinion, to justify nondisclosure at the present time. Therefore, unless the sheriff on remand can show some persuasive reason why the files should not now be made available for

public inspection, I believe we have a duty under the First Amendment to the United States Constitution and Code Ann. § 40-2701 to require the files to be made available for public inspection without further delay.