NORTHWEST PUBLICATIONS, INC.,
Intervening Petitioners,

v.

Honorable Donald E. ANDERSON and
Louis Wendlandt, Respondents,

State of Minnesota, Respondent,

Roger S. Caldwell, Respondent,

and

STATE of Minnesota, Respondents,

v.

Donald HOWARD, Respondent,

Republican and Herald Publishing Company, d. b. a. Winona Daily and Sunday News, et al., Intervening Petitioners.

Nos. 48182, 48122.

Supreme Court of Minnesota.

Sept. 30, 1977.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, for N.W. Publications.

Streater, Murphy, Brosnahan, Langford & Gernander, Winona, for Winona Daily, et al.

Keith Brownell, County Atty., John De-Santo, Asst. County Atty., Duluth, Warren Spannaus, Atty. Gen., St. Paul, for State.

Thomson, Wylde & Nordby, St. Paul, for Caldwell.

Michael Price, Winona, for Howard.

Faegre & Benson and James M. Samples, Minneapolis (for Mpls. Star & Tribune seeking issuance of the writs), Robert W. Shaw, Minneapolis (for Minnesota Newspaper Assoc., seeking issuance of the writs), amicus curiae.

SHERAN, Chief Justice.

Two petitions, considered together, for a writ of prohibition restraining the St. Louis County District Court and the Winona County District Court, from enforcing their respective orders which prevented public access to documents relating to two pending criminal prosecutions. Writ shall issue in each matter.

The separate and unique procedural background of each matter requires examination. On August 13, 1977, Shirleen Howard was found shot to death in her Winona

home; pursuant to an extensive investigation, the victim's husband, Donald Howard was arrested on August 23, 1977. On August 24, 1977 the defendant appeared in the Winona County Court and was formally charged by complaint with murder in the first degree and murder in the second degree. Upon motion of the state and joined in by the defendant, the county court agreed to retain the complaint; it was neither formally filed with the clerk of court[1] nor released to the public or the news media.

By its formal order dated August 25, 1977, the Winona County District Court approved that procedure and directed that the complaint not be revealed to any of the news media until further order of the court. The petitioner herein,[2] the Republican and Herald Publishing Company, immediately sought relief from this court in the form of a writ of prohibition; prior to the hearing scheduled to consider the matter, the district court vacated that portion of the August 25 order directing the impounding of the complaint; it was filed and immediately became available to representatives of the news media.[3]

In the second matter, on June 27, 1977, Elizabeth Congdon and her nurse Velma Pietila were found dead in Ms. Congdon's Duluth home. Defendant Roger S. Caldwell, the decedent Congdon's son-in-law, was arrested on July 5, 1977 and charged with murder in the first degree; he was arraigned on August 16, 1977.

Subsequent to the defendant's arrest, the petitioner Northwest Publications, Inc. attempted to inspect the district court file and was denied access thereto. It moved

the St. Louis County District Court for an order directing the clerk of court to permit inspection. By its order dated July 29, 1977, the district court granted the relief requested and directed the clerk of court to:

" * * * [I]mmediately comply with his official duties pursuant to Minn.St. Sec. 15.17 to allow public inspection of public records, including orders for search warrants, supporting affidavits and return of search warrants, heretofore or hereafter delivered to him."

The petitioner reviewed the files and reported on their contents until the subsequent order of the district court, dated September 6, 1977, entered in response to a joint motion and stipulation of the defendant and state. The court directed that the files be sealed from public inspection until final disposition of the criminal proceeding. The petitioner, Northwest Publications sought immediate review of that order.

It is our view that petitioners in both cases have standing[4] to challenge the orders at issue inasmuch as the orders have the effect of either directly or indirectly interfering with their functions of collecting or disseminating the news. *CBS, Inc. v. Young,* 522 F.2d 234 (6 Cir. 1975); *State ex rel. Beacon Journal Pub. Co. v. Kainrad,* 46 Ohio St.2d 349, 348 N.E.2d 695 (1976). In addition, as the information may properly be categorized as public records[5] within the meaning of Minn.St. 15.17, any member of the public is an injured or aggrieved party by the operation of orders preventing accessibility. *Kottschade v. Lundberg,* 280 Minn. 501, 160 N.W.2d 135 (1968).

The state argues, in the *Howard* matter, that the subsequent filing of the

---

1. Rule 4.02, subd. 5(2), Rules of Criminal Procedure, requires that a complaint be "filed forthwith."

2. Upon request, the Minneapolis Star and Tribune Company was granted the status of intervening petitioner and participated accordingly.

3. The hearing, scheduled for that date, August 31, 1977, was cancelled and the parties were directed to file briefs to aid this court's analysis of the issue of mootness of the petition in light of the subsequent filing of the complaint.

4. Rule 25, Rules of Criminal Procedure, while not controlling the matters presented, exhibits this court's intent to allow any aggrieved party to seek immediate review of orders concerning pretrial publicity.

5. *Des Moines Register & Trib. Co. v. Osmundson,* 248 N.W.2d 493 (Iowa, 1976); *Houston v. Rutledge,* 237 Ga. 764, 229 S.E.2d 624 (1976); and *State ex rel. Miami Herald Pub. Co. v. McIntosh,* 340 So.2d 904 (Fla.1976).

complaint renders the petition for a writ of prohibition moot, citing *Briggs v. Chicago Great Western Ry. Co.,* 243 Minn. 566, 68 N.W.2d 870 (1955). We do not agree as the matter is one "capable of repetition, yet evading review," [6] as evidenced by the matter consolidated herein. Additionally, that the order expired by the filing of the complaint is not determinative. See, e. g., *United States v. Schiavo,* 504 F.2d 1 (3 Cir. 1974) and *Carroll v. Princess Anne,* 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968).

■ As a preliminary, both Federal and state constitutional provisions guaranteeing freedom of the press are couched in terms of prohibition of prior restraints on publication. U.S.C.A.Const. Amends. 1, 14; Minn. Const. art. 1, § 3. A prior restraint imposes a limit upon the right to publish, not a sanction imposed after publication based upon the content of a news release. *Near v. Minnesota,* 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931).

The United States Supreme Court has stated that:

"Any prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity."

*Organization for a Better Austin v. Keefe,* 402 U.S. 415, 419, 91 S.Ct. 1575, 1578, 29 L.Ed.2d 1, 5 (1971). In *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), the court noted that the protection has particular force when applied to criminal proceedings.

■ Without commenting upon the specific factual settings in which the various courts have ruled that the orders reviewed have imposed a constitutionally impermissible prior restraint, it is sufficient to state at this juncture that this court also takes the position that restrictive orders of this nature are in general improper. As intimated by several authorities, however, in the rare or extraordinary case where a clear showing is made that the exercise of First Amendment rights will interfere with the rights of the parties to a fair trial or that some restriction is otherwise necessary, some prior restraint may be upheld. *CBS, Inc. v. Young, supra; Nebraska Press Association v. Stuart,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); and *Chicago Council of Lawyers v. Bauer,* 522 F.2d 242 (7 Cir. 1975).

■ While we decline to define the parameters of a potentially permissible restrictive order, we do conclude that certain minimum procedures [7] must be employed in providing this court with a record from which we might effectively review a decision to limit public access to records. In the first instance, the petitioning party has the burden of establishing, in an adversary setting [8] at which the public must be represented and afforded an opportunity to be heard, a strong factual basis for the issuance of an order. In response, the district court shall make specific factual findings which led it to conclude that the order was necessary under the unique circumstances of the case presented. The district court should consider all alternatives to the exceptional remedy of a prior restraint [9] and exhibit the reasons for its conclusion that each is inadequate. Review by this court will be limited to whether the petitioner sustained the burden to justify the issuance of the order.

---

6. *Pacific Terminal Co. v. I. C. C.,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911), as discussed in *Nebraska Press Association v. Stuart,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).

7. In light of the potential recurring nature of this problem, the Advisory Committee on Rules of Criminal Procedure has been requested to thoroughly study the issue and, if it deems appropriate, propose a rule which would, in exceptional cases and consistent with judicial authority, set forth the procedures for obtaining and implementing a restrictive order, the necessary guidelines and findings required of the district court and the method of review by this court. The committee should seek active participation from representatives of the public and press.

8. See, *United States v. Schiavo, supra,* and *State ex rel. Miami Herald Pub. Co. v. McIntosh, supra.*

9. See, *Sheppard v. Maxwell, supra,* and *Nebraska Press Association v. Stuart, supra.*

Without examination of the distinguishing features of each of the instant matters, we conclude that each record is barren of any facts or other evidence which would constitute a clear and substantial showing so as to justify the prohibitions against public accessibility. The orders are therefore improper and must be vacated.

Writs shall issue.