32841. NORTHSIDE REALTY ASSOCIATES, INC. et al. v. COMMUNITY RELATIONS COMMISSION OF THE CITY OF ATLANTA et al.

MARSHALL, Justice.

The appellants brought suit in Fulton Superior Court under the Inspection of Public Records Act (Code Ann. § 40-2701 et seq.; Ga. L. 1959, p. 88 et seq.) for a writ of mandamus to compel the appellees to allow them to

inspect and copy various records, documents, letters, and memoranda in their possession.

The complaint alleged that the Community Relations Commission of the City of Atlanta had sponsored a "testing" campaign, whereby real estate agents are visited by persons pretending to be interested in buying homes in order to check compliance with the Federal Fair Housing Act. It was further alleged that in carrying out this "testing" campaign the commission had compiled and accumulated the various records, documents, letters, and memoranda being sought. Arguing that these were "municipal records" within the meaning of Code Ann. § 40-2701, as well as "public records" within the meaning of Code Ann. § 40-2702, the appellants requested that they be allowed to inspect and copy them.

More specifically, the appellants sought "all documents, information, or things in the possession, custody or control of the Atlanta Community Relations Commission relating to": The Atlanta Region Open Housing Coalition, the Housing Section of the Civil Rights Division of the United States Department of Justice, the Southern Regional Council, an organization known as National Neighbors, as well as two lawsuits pending in federal district court to which Northside Realty was a party. Northside also sought various and sundry other documents and information relating to certain named individuals; various correspondence, meetings, and telephone conversations between members of the Atlanta Community Relations Commission and personnel and employees of various of the above-mentioned organizations; unidentified newspaper reports concerning the Community Relations Commission; newsletters and annual reports of the commission; as well as expense account expenditures of various of the commission's employees.

Of the total of 23 items of information requested, the trial court found that 11 of these items had been furnished to the appellants through discovery proceedings in the federal district court suit. The court found that the appellees did not possess seven of the other items. The court found that disclosure of one of the items would

constitute an invasion of privacy. See Code Ann. § 40-2703. As to the other four items — which related to the Atlanta Region Open Housing Coalition, the Housing Section of the Civil Rights Division of the Justice Department, correspondence from the Justice Department, and meetings with the Justice Department — the trial court found that all documents and information relating to Northside Realty had been furnished and that "they have no right to inspect and copy any such documents not related to Northside which are in the possession, custody or control of the Community Relations Commission."

The appellants interpret this last quoted portion of the order from which they appeal as requiring them to show a "special interest" in public records before they are entitled to inspect and copy them. The appellants enumerate error solely on the imposition of this perceived requirement.

The appellees, on the other hand, argue that the trial court has merely balanced the interest of the public in favor of inspection against the interest of the public in favor of non-inspection, as required by *Houston v. Rutledge,* 237 Ga. 764 (229 SE2d 624) (1976). They urge, in the event of a reversal, that we remand the case to the trial court for a determination of whether the documents sought are "public or municipal records" within the meaning of the statute, since the trial court has not ruled on that question.

Code Ann. § 40-2701 provides that, "All State, county and municipal records, except those, which by order of a court of this State or by law, are prohibited from being open to inspection by the general public, shall be open for a personal inspection of any citizen of Georgia at a reasonable time and place, and those in charge of such records shall not refuse this privilege to any citizen." Thus, under this Code provision, a citizen of Georgia seeking an opportunity to copy and inspect a public record need not show any special or personal interest therein. However, in *Houston v. Rutledge,* supra, this court held that a citizen does not have an absolute right to an inspection of all public records. "When a controversy of this nature arises between a citizen and a public official,

the judiciary has the rather important duty of determining whether inspection or non-inspection of the public records is in the public interest. In short, the judiciary must balance the interest of the public in favor of inspection against the interest of the public in favor of non-inspection in deciding this issue." Id., at 765.

The trial court's ruling in this case, that the appellants have no right to copy and inspect various of the documents and memoranda in the possession of the appellees, is somewhat cryptic. Had the trial court found the documents to be public or municipal records within the meaning of the statute, and not included within any of the exceptions to disclosure under Code Ann. § 40-2703, then, as citizens of the State of Georgia, the appellants would have a right under Code Ann. § 40-2702 to inspect and copy the records, unless the trial court found nondisclosure to be in the public interest, in which case the appellants would have no such right. However, the trial court would not be authorized to deny the appellants' request to inspect these documents because they have no special or personal interest in the documents. Since it is unclear on which of these various possible grounds the trial court rendered its judgment, we find it necessary to remand the case to the trial court for reconsideration of whether these are public or municipal records and, if so, whether allowing the appellants to inspect the records would be in the public interest.

We recognize that the veil of the "public interest" does not provide very specific guidance for rendering decisions in concrete cases. Therefore, we find it somewhat in order to add the following to what has already been stated. In determining whether allowing the appellants to inspect these records would be in the public interest, the trial court must weigh factors militating in favor of inspection (i.e., the interest of these appellants as citizens of Georgia in knowing what their government officials are doing) against factors militating against inspection (i.e., whether this would unduly disrupt the commission's investigation of discriminatory housing practices). In this regard, the court must weigh the benefits accruing to the government from nondisclosure against the harm which may result to the public if such

records are not made available for inspection by the appellants.

We note also that the appellants have made a request to copy and inspect a broad, and in some respects undifferentiated, mass of material. The request itself might be properly denied because its overbreadth would impose too onerous a burden on the appellees. However, if it is found that the appellants have made a request for identifiable public records within the appellees' possession, the burden is cast on the appellees to explain why the records should not be furnished. See Justice Ingram's special concurrence in *Houston v. Rutledge*, supra.

Appellate review of a "public interest" determination of this sort is difficult unless the trial judge has entered findings of fact and conclusions of law showing why the decision was reached either that disclosure would or would not be in the public interest. Therefore, before another appeal in this case is taken, the trial judge is directed to enter findings and conclusions specifically relating to this issue.

*Judgment reversed and remanded. All the Justices concur, except Hill, J., who is disqualified.*

ARGUED OCTOBER 12, 1977 — DECIDED JANUARY 3, 1978.

*Gambrell, Russell, Killorin & Forbes, Harold L. Russell, Frederick G. Boynton,* for appellants.

*Ferrin Y. Mathews, Isabel Gates Webster, Mary Carole Cooney,* for appellees.