## 34397. BROWN v. MINTER.

UNDERCOFLER, Presiding Justice.

James G. Minter, Jr., an editor of the Atlanta Journal acting in his capacity as a private citizen, sought to inspect certain records representing completed investigations by the Internal Investigation Unit of the Atlanta Police Department. The Department denied him permission to do so and he brought this action for mandamus in the Superior Court of Fulton County under the Georgia Open Records Act (Ga. L. 1959, p. 88, as amended), Code Ann. § 40-2701 et seq. After an evidentiary hearing, the trial court ordered the issuance of the mandamus. It found the records sought were identifiable public records and that Minter had shown he had a clear legal right to inspect them. The court also found the Department had, to a limited extent, carried its burden of showing certain information was prohibited under the exceptions permitted under the Act, i.e., disclosure of information regarding on-going investigations; the names of informants, and in exceptional and necessarily limited cases, the names of complainants. The trial court arrived at these decisions after hearing evidence and by applying the balancing test set forth by this court in *Northside Realty Assoc. v. Community Relations Comm. &c. of Atlanta,* 240 Ga. 432, 435 (241 SE2d 189) (1978). We affirm.

1. "In determining whether allowing the appellants to inspect these records would be in the public interest, the trial court must weigh factors militating in favor of inspection . . . against factors militating against inspection. . . In this regard, the court must weigh the benefits accruing to the government from non-disclosure against the harm which may result to the public if such records are not made available." *Northside Realty,* supra, at 435. Accord, *Houston v. Rutledge,* 237 Ga. 764, 766 (229 SE2d 624) (1976). We conclude the balancing test set out above was properly imposed and the restrictions against disclosure of certain information in this case appear reasonably tailored to protect the public interest and meet the objections of the Department. We find no error.

2. Appellant's contention that the burden of showing

the commissioner had a legal duty to perform under this Act lies upon the plaintiff is incorrect. ". . . [I]f it is found that the appellants have made a request for identifiable public records within the appellees' possession, the burden is cast on the appellees to explain why the records should not be furnished." *Northside Realty,* supra, at 436. Accord, *Houston v. Rutledge,* supra (Ingram, J., written concurrence.) Cases cited by appellant, i.e., *Trussell v. Martin,* 207 Ga. 553 (63 SE2d 361) (1951); and *City of Decatur v. Fountain,* 214 Ga. 225 (104 SE2d 117) (1958) are inapposite.

3. It was not error to deny appellant's motion to dismiss. The trial court's in camera inspection considered whether disclosure was proper under the express exceptions granted under the Act and permitted the commissioner a discretion to withhold the names of complainants or others where exceptional and necessarily limited circumstances existed constituting a clear unwarranted invasion of privacy. See Department of the Air Force v. Rose, 425 U. S. 352 (96 SC 1592, 48 LE2d 11) (1976).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1979 — DECIDED MARCH 6, 1979 — REHEARING DENIED MARCH 28, 1979.

*Ferrin Y. Mathews, W. Roy Mays, III, Thomas F. Cuffie,* for appellant.

*Hansell, Post, Brandon & Dorsey, David J. Bailey, Albert G. Norman, Jr.,* for appellee.

