CAPITAL CITIES BROADCASTING CORPORATION v TENTH
DISTRICT JUDGE

Docket No. 78-4328. Submitted June 7, 1979, at Grand Rapids.—
Decided August 2, 1979.

Capital Cities Broadcasting Corporation brought an action in
Calhoun Circuit Court seeking an order of superintending
control to compel the Tenth District Judge to grant the plaintiff
access to certain documents alleged to be public records. Super-
intending control was denied, Stanley Everett, J. Plaintiff's
petition for rehearing was granted. On rehearing, the circuit
court remanded the matter to district court for findings of fact.
The district court found that the warrants and affidavits in
question were public court documents and, as such, were nor-
mally available for public inspection. The district court also
found that there was no longer any reason to deny the plaintiff
access to the documents. The finding came approximately six
months after the plaintiff's original request for access to the
documents. These findings were adopted by the circuit court.
The plaintiff filed a petition objecting to the adoption of these
findings and arguing that the circuit court should make a
specific finding determining whether or not the original sup-
pression order was proper under the circumstances that then
existed. The circuit court denied the petition and dismissed the
plaintiff's complaint for superintending control. The plaintiff
appeals. *Held:*

Freedom of the press and the public nature of court docu-
ments require a hearing, open to all interested parties, before
inspection of public court documents may be denied. In the
instant case the circuit court should have assumed superintend-
ing control upon a finding that the district court had denied
access to public court documents without a hearing.

The issue is not moot, even though the documents have now

References for Points in Headnotes
[1, 2] 16 Am Jur 2d, Constitutional Law § 345.
  20 Am Jur 2d, Courts §§ 61, 62.
Restricting public access to judicial records of state courts. 84
  ALR3d 598.

been released, because the issue is capable of repetition and yet may evade review.

Reversed.

1. CONSTITUTIONAL LAW — FREEDOM OF PRESS — COURT DOCUMENTS — PUBLIC HEARINGS.

   Freedom of the press and the public nature of court documents require a hearing, open to all interested parties, before inspection of public court documents may be denied; the purpose of this hearing is to explore the constitutional and statutory validity of any proffered justifications for noninspection and to determine whether any alternative and less restrictive mechanisms than complete suppression exist.

2. CONSTITUTIONAL LAW — PUBLIC DOCUMENTS — ACCESS TO PUBLIC DOCUMENTS — MOOTNESS.

   An issue as to access to certain public court documents did not become moot upon the release of those documents because the issue is capable of repetition.

*Sullivan, Hamilton, Ryan, Schulz & Woodruff, P.C.,* for plaintiff.

*James Norlander,* Prosecuting Attorney, and *John H. McFarlane,* Assistant Prosecuting Attorney, for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and B. D. BRUDICK,* JJ.

PER CURIAM. Plaintiff appeals from a decision of the circuit court dismissing its complaint which sought an order of superintending control to compel defendant to grant plaintiff access to certain documents alleged to be public records. More particularly, it sought to compel the district court to conduct a hearing before refusing inspection of

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

warrants authorizing electronic surveillance of a specific defendant's cell, and the affidavits supporting those warrants.

After a petition for rehearing, the circuit court remanded the matter to district court for findings of fact. The district court found that the warrants and affidavits in question were public court documents and, as such, were normally available for public inspection. The court also found that there was no longer any reason to deny the plaintiff access to the documents. The findings came approximately six months after the plaintiff's original request for access to the documents.

Freedom of the press and the public nature of court documents require a hearing, open to all interested parties, before inspection of public court documents may be denied. The purpose of this hearing is to explore the constitutional and statutory validity of any proffered justifications for noninspection and to determine whether any alternative and less restrictive mechanisms than complete suppression exist. See *Detroit Free Press v Macomb Circuit Judge,* 405 Mich 544; 275 NW2d 482 (1979), GCR 1963, 907(2). See also *Nebraska Press Ass'n v Stuart,* 427 US 539; 96 S Ct 2791; 49 L Ed 2d 683 (1976), *Northwest Publications, Inc v Anderson,* 259 NW2d 254 (Minn, 1977).

In the instant case the circuit court should have assumed superintending control upon a finding that the district court had denied access to public court documents without a hearing. Although the documents have now been released, the issue is not moot because it is capable of repetition and yet may evade review. *Grano v Ortisi,* 86 Mich App 482; 272 NW2d 693 (1978).

Reversed.