### 35239. ATHENS OBSERVER, INC. et al. v. ANDERSON et al.

UNDERCOFLER, Presiding Justice.

This case involves a request by an Athens newspaper for disclosure under the Open Records Act, Code Ann. Ch. 40-27, of a report commissioned by the vice-president of research and the Dean of the College of Arts and Sciences of the University of Georgia. Four consultants from outside the university were paid with state funds to evaluate the mathematical sciences programs at the university, including the Department of Mathematics, the Center for Applied Mathematics and the Department of Statistics and Computer Science. The trial court held that the report was a public record; then, upon applying the balancing test announced in our previous cases, e.g., *Houston v. Rutledge,* 237 Ga. 764 (229 SE2d 624) (1976), it concluded that the need for candid evaluations of personnel outweighed the public's right to see the report,

and the release of only an edited version was approved. The newspaper appeals. We affirm in part and reverse in part.

1. The report on the mathematical departments by the visiting committee, solicited by a dean and vice-president of the university, falls clearly in the category of "documents, papers, and records prepared and maintained in the course of the operation of a public office," and, is, therefore, a "public record" under the Act. *Houston v. Rutledge,* supra, p. 765. Code Ann. § 40-2701. The state argues that the report, which contains opinions, is not a "record" because it is not a "memorial of *completed* acts, events, or occurrences" by a public official. This view is too narrow.

The report represents the *final* analysis and recommendations after study by paid consultants to the university. That the officers who commissioned it have not, or may not, act on its suggestions is not determinative. To restrict the scope of "public records" as the state insists would unduly suppress public access to information during a time when decisions of public importance are being considered and can be addressed. We agree with the trial court that the report, commissioned by public officers at the University of Georgia evaluating the mathematical departments at this state institution, is a public record under Code Ann. § 40-2701.

2. Although the report is a public record, that does not terminate our inquiry. The Act provides "[a]ll State, county and municipal records, *except those, which by order of a court of this State or by law, are prohibited from being open to inspection* by the general public, shall be open for a personal inspection of any citizen of Georgia . . ." Code Ann. § 40-2701. (Emphasis supplied.)

The state claims that the excised portions of the report are exempted "by law." Code Ann. § 40-2703 protects "medical records and similar files, the disclosure of which would be an invasion of personal privacy." It argues first that the report amounts to a personnel file which is "similar" to a medical file, and specifically exempted from the Act.[1] We have reviewed the

---

[1]The state here relies on the "Sunshine Law," Code

unexpurgated version of the report, which was transmitted to this court in a sealed envelope, and find nothing contained therein which could be considered a personnel file. It does "not contain the 'vast amounts of personal data,' [cit.] which constitute the kind of profile of an individual ordinarily to be found in his personnel file: showing, for example, where he was born, the names of his parents, where he has lived from time to time, his high school or other school records, results of examinations, evaluations of his work performance." Dept. of the Air Force v. Rose, 425 U. S. 352, 377 (1976). Since we are holding that the report is not a personnel file, we decline to decide whether a personnel file per se would be exempted from public access under section 3 of the Act.

The state next argues that, even if the report is not protectable as a personnel file, its contents should nevertheless not be disclosed on the ground that negative comment on one's profession constitutes "an invasion of personal privacy,"[2] and is thus exempted "by law" under section 3 of the Act. We construe this clause as manifesting the intent of the General Assembly that reports which include the elements of the tort of invasion of privacy are to be exempted from the disclosure requirements of the Act. The right of privacy, protectable in tort, however, extends only to unnecessary public scrutiny.[3] *Waters v. Fleetwood,* 212 Ga. 161 (91 SE2d 344) (1956); *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68) (1904); *Cabaniss v. Hipsley,* 114 Ga. App. 367 (151 SE2d 496) (1966). It does not protect legitimate

---

Ann. § 40-3302, which exempts personnel meetings from the open meeting requirement.

[2] The state argues that under Code Ann. § 105-702 negative comments on an individual's job may be slander.

[3] " '[T]he right of a person . . . to be free from unwarranted publicity, . . . or the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs *with which the public has no legitimate concern.' " Gouldman-Taber Pontiac, Inc. v. Zerbst,* 213 Ga. 682, 683 (100 SE2d 881) (1957). (Emphasis supplied.)

inquiry into the operation of a government institution and those employed by it.[4] On the contrary, the public policy of this state has been clearly expressed by the legislature in adopting the Open Records Act. The purpose is not only to encourage public access to such information in order that the public can evaluate the expenditure of public funds and the efficient and proper functioning of its institutions, but also to foster confidence in government through openness to the public. That the information may comment upon certain public officials' performance of their official duties does not warrant suppression by the courts. We find nothing in the report which would give rise to an action for invasion of privacy.

Lastly, the state urges that the report should be protected "by order of a court of this State" under Code Ann. § 40-2701. This court has established a balancing test to be applied by the courts of this state in carrying out this mandate. It has been most aptly stated in *Houston v. Rutledge,* supra, p. 765: "When a controversy of this nature arises between a citizen and a public official, the judiciary has the rather important duty of determining whether inspection or non-inspection of the public records is in the public interest. In short, the judiciary must balance the interest of the public in favor of inspection against the interest of the public in favor of non-inspection in deciding this issue." Accord, *Brown v. Minter,* 243 Ga. 397 (254 SE2d 326) (1979); *Griffin-Spalding Hospital Auth. v. Radio Station WKEU,* 240 Ga. 444 (241 SE2d 196) (1978); *Northside Realty Assoc. v. Community Relations Comm. &c. of Atlanta,* 240 Ga. 432 (241 SE2d 189) (1978).

Applying the balancing test, we find no benefits accruing to the government from non-disclosure which would justify contravening the public policy of this state in favor of open government. The reason urged by the state and adopted by the trial court that such reports must be protected in order to assure candid assessments by evaluators does not overcome the need for the public to

---

[4] "[W]here an incident is a matter of public interest, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy." *Waters v. Fleetwood,* supra, p. 167.

obtain the reported information. We reverse the trial court and hold that the report of the visiting committee must be released to the newspaper.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Jordan, Bowles and Marshall, JJ., who dissent.*

ARGUED SEPTEMBER 12, 1979 — DECIDED JANUARY 4, 1980 — REHEARING DENIED JANUARY 23, 1980.

*David W. Griffeth,* for appellants.
*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Senior Assistant Attorney General,* for appellees.

JORDAN, Justice, dissenting.
I dissent from Division 1 of the opinion holding that the report here under consideration is a public record as defined by the statute. The statute provides that "records" shall be open for public inspection. Code § 40-2701. In my opinion this language is not broad enough to encompass all papers, notes, and writings of all description. A "record" is the official action taken by a board or agency which is designated to remain as permanent evidence of such action. Only memorials representing ultimate action "are, in a sense, public." Sanchez v. Board of Regents of Eastern New Mexico University, 82 N. M. 672 (486 P2d 608, 611) (1971).

The documents here sought are merely written evaluations or opinions of an outside group of experts. Until acted on officially by university officials such material does not assume the status of a public "record" or writing.

I therefore dissent from the holding in Division 1 of the opinion and would not reach the questions presented in Division 2 of the opinion.

I am authorized to state that Justice Bowles and Justice Marshall join in this dissent.