### 35769. ATCHISON v. HOSPITAL AUTHORITY OF THE CITY OF ST. MARYS et al.

CLARKE, Justice.

The question here is whether a Georgia resident who is an employee of a Florida newspaper has the right to require a public hospital to make its business telephone records available for inspection. The appellant, Robert Atchison, attempted to secure such right by filing a petition for a writ of mandamus against the appellees, the Hospital Authority of the City of St. Marys and the Gilman Hospital. The trial court entered a final order denying the petition for writ of mandamus and basing the denial on the proposition that the appellant was "only a nominal plaintiff acting in the real interest of Florida Publishing Company," and that "Florida Publishing Company is not a citizen of Georgia." The court further concluded that Florida Publishing Company was attempting to do, through the appellant, that which it could not do for itself. Using these principles as its reasons, the trial court concluded the public interest in the favor of noninspection outweighed the public interest which might favor inspection.

(1) Records of public agencies of this state are required to be available for personal inspection of any citizen of Georgia subject to the restrictions discussed in Divisions 2 and 3 below. Code Ann. § 40-2701. *Athens Observer, Inc. v. Anderson,* 245 Ga. 63 (1980); *Doe v. Sears,* 245 Ga. 83 (1980); *Northside Realty Assoc., Inc. v. Community Relations Comm. of the City of Atlanta,* 240

Ga. 432, 434 (241 SE2d 189) (1978). The major thrust of the statute and cases cited above is that records of the nature of those in question here have been held to be public records and subject to the provisions of Code Ann. §§ 40-2701 and 40-2703.

(2) Appellee has forcefully argued that even though appellant is personally a resident of the State of Georgia, he has acted under the instructions and on behalf of Florida Publishing Company, a nonresident corporation. Appellee further contends that Florida Publishing Company is the real party at interest and since it is not a citizen of Georgia, there are no rights to a writ of mandamus under Georgia law. We disagree. Although Code Ann. § 40-2701 affords the right of inspection only to citizens of Georgia, neither it nor any other provision of the law we have found disqualifies a citizen of this state from exercising his rights under the Code section because he happens to be an employee of a nonresident corporation and may share the information received with his employer. To the contrary, the very words of the Code section contemplate inspection by the general public since the availability of public records to a citizen of Georgia is limited only in those instances in which a court order or law prohibits inspection by the general public.

(3) Appellant also assigns error to the manner in which the trial court applied the balancing test as enunciated in *Houston v. Rutledge,* 237 Ga. 764, 765 (229 SE2d 624) (1976). In that case, this court held ". . . the judiciary must balance the interest of the public in favor of inspection against the interest of the public in favor of non-inspection in deciding this issue." This test was devised by this court in an attempt to enunciate the circumstances under which a trial court might prohibit public records from being open to inspection by the general public as provided in Code Ann. § 40-2701. Since the Code section and the court are dealing with a prohibition of inspection against all of the public, we must conclude that the prohibition cannot be imposed as a result of the past acts of the employer of the person seeking the right to inspect. The prohibition which may be imposed by a court from applying the balancing test can therefore only be the result of the nature of the

information and not the employment connections of the person seeking to secure the information. For this reason, we also find the trial court erred in its misapplication of the balancing test.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 21, 1980 — DECIDED MARCH 18, 1980.

*Taylor, Bishop & Lee, Andrew A. Taylor, Harold Barkley Wahl,* for appellant.

*Stein & Henderson, J. Grover Henderson,* for appellees.