40921. IRVIN et al. v. MACON TELEGRAPH PUBLISHING
COMPANY et al.

(316 SE2d 449)

GREGORY, Justice.

Appellee Macon Telegraph Publishing Company et al., brought this mandamus action against the Commissioner of the Department of Agriculture and the Director of the Georgia Bureau of Investigation, seeking to obtain under OCGA § 50-18-70 (unofficially designated as the "Open Records Act") records of GBI investigations into the conduct of several employees of the State Farmers' Market in Macon. Appellees also sought disclosure of an order by an administrative law judge reviewing certain of these GBI investigations which, by its terms, provided it would not be made available to the public.

The GBI investigations took place between 1978 and 1980. Each person investigated was employed by the Department of Agriculture, and, in each instance, the Department ordered the investigation. The record supports the trial court's finding that the Department of Agriculture ordered the investigations to determine whether any civil or criminal employee misconduct had occurred at the State Farmers' Market. No criminal action was taken against any of the employees investigated. The records of the GBI investigations were placed in the personnel file of each investigated employee.

Following a hearing and an *in camera* inspection of the records sought, the trial court determined the records are "public records" within the meaning of OCGA § 50-18-70. Applying the balancing test of *Houston v. Rutledge*, 237 Ga. 764 (229 SE2d 624) (1976), the trial court concluded that the public's interest in favor of disclosure outweighs the public's interest in favor of non-disclosure and ordered the records disclosed to appellees. We affirm.

1. (a) Appellants maintain the records sought are not "public records" within the meaning of OCGA § 50-18-70. That statute provides, "All state, county and municipal records, except those which by order of a court of this state or by law are prohibited from being open to inspection by the general public, shall be open for a personal inspection of any citizen of this state at a reasonable time and place; and those in charge of such records shall not refuse this privilege to any citizen."

The State argues that public records are limited to "written memorials of completed acts, transactions, occurrences or events." We rejected "this view [a]s too narrow" in *Athens Observer v. Anderson*, 245 Ga. 63, 64 (263 SE2d 128) (1980).[1] We adhere to our earlier defi-

---

[1] Appellants point out that other jurisdictions have defined "public records" in keeping with the definition appellants urge us to adopt. See, e.g., Linder v. Eckard, 152 NW2d 833 (SCt. Iowa) (1967) and State v. Brantley, 271 P2d 668 (SCt. Oregon) (1954). We have consid-

nition of "public records" as contemplated by the Open Records Act, OCGA § 50-18-70. They are "documents, papers and records prepared and maintained in the course of the operation of a public office." *Houston v. Rutledge*, supra, 237 Ga. at 765; *Athens Observer*, supra, 245 Ga. at 64. Our inspection of the documents sought compels the conclusion that they come within this definition of public records.

(b) Appellants direct us to OCGA § 50-14-1 (b), of the so-called "Sunshine Law" which, generally, provides for public access to meetings of state agencies. This section states, "Any provision of this or any other law to the contrary notwithstanding, the term 'records' or 'public records' means those documents and writings which are prepared and kept as written memorials of a final action taken by any agency." Appellants point out the legislature amended the Sunshine Law to so define "public records" following this court's decision in *Athens Observer*, supra. See Ga. Laws 1980, p. 1254, § 1. Appellants maintain OCGA § 50-14-1 (b) expresses the intent of the legislature to modify the definition of "public records" set forth in *Houston v. Rutledge*, supra, as it applies to the Open Records Act, OCGA § 50-18-70. We do not agree. Had the legislature wished to depart from the definition of public records set out by this court in *Houston v. Rutledge*, supra, it could have amended the Open Records Act, OCGA § 50-18-70. We are unpersuaded that the precisely drawn amendment to the Sunshine Law, OCGA § 50-14-1 (b) was intended by the legislature to apply to the term "public record" as used elsewhere in the Code.

2. Under OCGA § 50-18-72, "medical records and similar files, the disclosure of which would be an invasion of personal privacy," are excepted from the public record disclosure requirements of OCGA § 50-18-70. Appellants argue that even if this court determines the records sought are public records, they fall within the disclosure exception of OCGA § 50-18-72 as they are "confidential personnel files."

Analogizing to OCGA § 50-14-4 (6), which exempts personnel meetings from the open meetings requirement of the Sunshine Law, appellants argue that the GBI investigative records and the order of the administrative law judge are "personnel-related" files which the legislature intended to exempt from disclosure under the "similar files" provision of OCGA § 50-18-72, cited supra. We do not here decide whether an employee's personnel file falls into the exception of OCGA § 50-18-72 because we hold the records sought in this case are not personnel records. The GBI records and the order of the administrative law judge do " 'not contain the "vast amounts of personal

ered these authorities, but conclude the public's interests are best served by maintaining the definition of public records adopted in *Houston v. Rutledge*, 237 Ga. 764 (229 SE2d 624) (1976).

data," (cit.) which constitute the kind of profile of an individual ordinarily to be found in his personnel file: showing, for example, where he was born, the names of his parents, where he has lived from time to time, his high school or other school records, results of examinations, [or] evaluations of his work performance.'" *Athens Observer*, supra, 245 Ga. at 65, citing, Dept. of the Air Force v. Rose, 425 U. S. 352, 377 (96 SC 1592, 48 LE2d 11) (1976). Nor does the placement of these records into the investigated employee's personnel file transform them into personnel records.

3. Once it has been determined that records sought to be disclosed are "public records" within the meaning of OCGA § 50-18-70, the trial court must then "balance the interest of the public in favor of inspection against the interest of the public in favor of non-inspection." *Houston v. Rutledge*, 237 Ga. at 765; *Athens Observer*, 245 Ga. at 66; *Brown v. Minter*, 243 Ga. 397 (254 SE2d 326) (1979); *Northside Realty v. Community Relations Comm. of Atlanta*, 240 Ga. 432, 435 (241 SE2d 189) (1978).

In this case the trial court concluded the public has an overriding interest in learning the results of the GBI investigation and the administrative law judge's review of certain of these results. Specifically, the trial court found the public has an interest in learning "about the operation and functioning of a public agency, namely the State Farmers' Market at Macon, and the work-related conduct of public employees; [in gaining] information [to] evaluate the expenditure of public funds and the functioning of a public institution or agency; [in having] information openly available to them so that they can be confident in the operation of their government; and [in insuring] that both the activity of public employees suspected of wrongdoing and the conduct of those public employees who investigate the suspects is open to public scrutiny." The public interests in favor of non-disclosure, as proffered by the appellants, are the alleged legislative intent to keep these records confidential, and the necessity of protecting the confidentiality of "internal personnel matters." We agree with the trial court's conclusions.

Further, we noted in *Houston v. Rutledge*, 237 Ga. at 765-6, "[g]enerally, the public records that are prepared and maintained in a current and continuing investigation of possible criminal activity should not be open for public inspection. On the other hand, and again, generally, public records prepared and maintained in a concluded investigation of alleged or actual criminal activity should be available for public inspection." It is clear that the investigations in these cases were concluded notwithstanding appellants' contention that no final summation of the investigations exists.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., and Smith, J., who dissent.*

DECIDED MAY 31, 1984.

*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General,* for appellants.
*Sell & Melton, Edward S. Sell III, Susan S. Cole,* for appellees.

MARSHALL, Presiding Justice, dissenting.

I respectfully dissent for reasons set forth in Justice Jordan's dissent in *Athens Observer v. Anderson,* 245 Ga. 63 (263 SE2d 128) (1980).

I am authorized to state that Justice Smith concurs in this dissent.