S90A1022. GEORGIA HOSPITAL ASSOCIATION et al. v.
LEDBETTER et al.
(396 SE2d 488)

CLARKE, Chief Justice.

This case involves the Georgia Open Records Act, OCGA § 50-18-70 et seq., as it relates to accreditation reports for the licensing of hospitals. To obtain an operating permit, hospitals may either submit to an inspection by the Department of Human Resources (DHR) or (under OCGA § 31-7-3 (b)) provide DHR with a report by the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), a nonprofit Illinois corporation.

Two newspapers sought JCAHO reports. The Georgia Hospital Association (GHA) resisted disclosure. Reports of DHR inspections are routinely disclosed. DHR filed the present action to obtain a ruling on whether the Georgia Open Records Act requires disclosure. The newspapers intervened in the action. The trial court granted the newspapers' motion for summary judgment, denied GHA's motion for summary judgment, and ordered the reports revealed. This court granted a stay pending appeal, and appellants appealed.

1. *Are the Records Exempt from Disclosure as Hospital Records Generated to Provide Peer Review?*

Records generated to provide peer review are exempted from the requirement that all public records be open for inspection. These records are exempted from disclosure to further the important goals of improving health care and reducing patient mortality and morbidity through candid assessment of health care providers and facilities by peer review.

Appellants contend that the records are protected from disclosure under the Open Records Act by OCGA § 31-7-15 (d), which exempts from disclosure hospital records generated to provide peer review as required by subsection (a) of the statute. Appellants insist that the trial court erred in finding that the purpose of DHR in receiving the reports rather than the purpose of JCAHO in preparing the reports controls. Appellants also assert that summary judgment on this issue was inappropriate because the only affidavit concerning the status of JCAHO was the affidavit of appellants that JCAHO is a peer review committee.

Appellees respond that the reports in question are generated as part of the state's licensing activities rather than as peer review, argu-

ing that the reports are generated to comply with OCGA § 31-7-3 (b), which deals with licensing, rather than to comply with § 31-7-15, which deals with peer review. We agree. OCGA § 31-7-3 (b), enacted earlier than OCGA § 31-7-15, provides that the DHR may accept accreditation from JCAHO. In this provision, JCAHO is referred to as an accreditation body, not a peer review committee. Because under the applicable statute JCAHO is an accreditation body rather than a peer review committee, the affidavits submitted by appellants to show that JCAHO is a peer review committee are not determinative.

## 2. Are the Records Protected from Disclosure as Records of A Confidential Review Organization?

Appellants insist that the records are protected from disclosure as the records of a confidential review organization under OCGA § 31-7-133. We agree with appellees that JCAHO is not a review organization under § 31-7-131 (3) because it is not comprised primarily of "professional health care providers" as that term is defined by § 31-7-131 (2).

## 3. Are the Records Protected from Disclosure as Required by Federal Law?

Next appellants argue that the records are protected from disclosure under OCGA § 50-18-72 (a) (1) because they are required to remain confidential under federal law. 42 USCA § 1395bb (a); 42 CFR § 401.126 (b) (2). Appellees assert that in *Harris v. Cox Enterprises*, 256 Ga. 299 (348 SE2d 448) (1986), we interpreted this exception to apply only to federal records required by federal law to be kept confidential which are in the hands of a state agency. While the holding of *Harris v. Cox Enterprises* is not as precise as appellees' interpretation, we now adopt that construction of the federal records exception.

The section of the federal statute relied upon by appellants concerns the use of JCAHO accreditation to certify a hospital to receive medicare funds. The section provides:

> The Secretary may not disclose any accreditation survey (other than a survey with respect to a home health agency made and released to him by the Joint Commission on Accreditation of Hospitals, the American Osteopathic Association, or any other national accreditation body, of an entity accredited by such body, except that the Secretary may disclose such a survey and information related to such a survey to the extent such survey and information relate to an enforcement action taken by the Secretary.

42 USCA § 1395bb (a) (2).

OCGA § 50-18-72 (a) (1) exempts from disclosure records "specif-

ically required by the federal government to be kept confidential. . . ." The JCAHO surveys in question are not such records. While JCAHO surveys may be used for both DHR licensing requirements and certification for medicare purposes, there is no requirement under OCGA § 50-18-72 that a report generated by or used by the state for state purposes be exempted from disclosure merely because that report would be kept confidential if generated or used by the federal government for federal purposes.

4. *Are the Records Protected from Disclosure by DHR Rules?*

Appellants argue that the records are protected from disclosure under OCGA § 50-18-70 (b) because DHR rules require that they remain confidential. Appellees contend that under the terms of the rule in question, DHR Rule 290-1-2-.01, and the language of the Open Records Act, this rule cannot prevent disclosure of the records in question. In any case, when a rule of an administrative agency conflicts with a law of general application, the rule cannot stand. See *O'Neal v. Ga. Real Estate Comm.*, 129 Ga. App. 211 (199 SE2d 362) (1973). The agency rule is subordinate to the Open Records Act, and where it is in conflict with the general statute it cannot stand.

5. *Was Summary Judgment Inappropriate in This Case?*

Finally, appellants' argument that summary judgment was inappropriate in this case because questions of fact remain concerning the relative importance of the public's need to know and the appellants' interest in confidentiality is without merit. This balancing test first enunciated in *Houston v. Rutledge*, 237 Ga. 764 (229 SE2d 624) (1976), was considered in the recent case of *Bd. of Regents v. Atlanta Journal & Constitution*, 259 Ga. 214 (378 SE2d 305) (1989). In that case we limited application of the balancing test to those cases in which the issue was an unwarranted intrusion into an individual's privacy. There is no allegation that disclosure of the accreditation reports here would invade individual privacy.

Aside from the fact that the accreditation surveys do not fit into any of the categories of records exempted from disclosure, the policy underlying the Open Records Act mandates their release. Since the accreditation surveys in question were presented by the hospitals to the DHR for licensing in lieu of the hospitals' submitting to a DHR inspection, and since DHR inspection reports on hospitals not submitting JCAHO reports are routinely disclosed under the Open Records Act, common sense dictates that the JCAHO reports used for licensing be also released. The public has a legitimate interest in the records which make up the DHR's hospital licensing decisions.

*Judgment affirmed. All the Justices concur, except Smith, P. J., and Fletcher, J., who dissent.*

FLETCHER, Justice, dissenting.

OCGA § 50-18-70 (b) provides, in pertinent part, that all public records, "except those which by order of a court of this state or by law are prohibited or specifically exempted from being open to inspection by the general public, shall be open for a personal inspection. . . ."

In *Houston v. Rutledge*, 237 Ga. 764 (229 SE2d 624) (1976), this Court established a balancing test, requiring the judiciary to balance the interest of the public in favor of disclosure of public records against the interest of the public in favor of nondisclosure, in determining whether public records, which are not prohibited "by law" from being made available for public inspection, should be so prohibited by court order.

OCGA § 50-18-72 (a) provides, in pertinent part, that the Open Records Act is not applicable to records "the disclosure of which would be an invasion of personal privacy." Under OCGA § 50-18-70 (a), such records are prohibited "by law" from being disclosed. It is nonetheless true that the privacy rights of the individual, protected by OCGA § 50-18-72 (a), must be tempered by the right of the public to be informed of matters of public concern, as recognized in *Athens Observer v. Anderson*, 245 Ga. 63 (263 SE2d 128) (1980), and *Harris v. Cox Enterprises*, 256 Ga. 299 (348 SE2d 448) (1986).

However, OCGA § 50-18-70 (b)'s balancing test, and OCGA § 50-18-72 (a)'s limitation on public disclosure of records that would be an invasion of personal privacy, are two distinct inquiries. Cf. *Northside Realty Assoc. v. Community Relations Comm.*, 240 Ga. 432 (241 SE2d 189) (1978), with *Athens Observer v. Anderson*, supra. To apply the balancing test to only those cases in which an unwarranted intrusion into an individual's privacy is at stake, as was done in the *Bd. of Regents* case and now in this case, is to in large part eviscerate it.

I respectfully dissent as to Division 5 and the judgment.

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED OCTOBER 4, 1990 —
RECONSIDERATION DENIED OCTOBER 24, 1990.

*Alston & Bird, Jack Spalding Schroder, Jr., Walter G. Elliott,* for appellants.

*Michael J. Bowers, Attorney General, Kathryn L. Allen, William C. Joy, Senior Assistant Attorneys General, Long, Aldridge & Norman, John L. Watkins, F. T. Davis, Jr., Dow, Lohnes & Albertson, James A. Demetry, Terrence B. Adamson, Peter C. Canfield, Jean B. Blumenfeld,* for appellees.

*Harman, Owen, Saunders & Sweeney, H. Andrew Owen, David*

481

*C. Will, Richard L. Greene,* amici curiae.