**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 15, 2016**

# In the Court of Appeals of Georgia

A16A0280. MEDIA GENERAL OPERATIONS, INC. v. ST. LAWRENCE et al.

MERCIER, Judge.

This appeal is from the trial court's judgment declaring that the sheriff and district attorney of Chatham County are not required to release to Media General Operations, Inc. d/b/a WSAV-TV certain records under the Open Records Act, because the records sought come within the "pending prosecution" exemption to disclosure. We agree and affirm the trial court's judgment.

On January 1, 2015, Matthew Ajibade was arrested and taken to the Chatham County Detention Center. Ajibade died at the detention center on January 1, 2015 or January 2, 2015, while he was in the custody of the Chatham County Sheriff's Office ("CCSO").

On January 2, 2015, CCSO personnel phoned the Georgia Bureau of Investigation (GBI), requesting an investigation into Ajibade's death; the GBI began its investigation that day. That same date, the Internal Affairs Division of the CCSO ("IAD") began its own investigations into possible policy violations by CCSO employees in connection with the death. In all, there were three IAD investigations into Ajibade's death. The IAD interviewed all persons involved in the incident, and the CCSO planned to "review, again, the actions of other employees that may be on the periphery of this to determine if we're going to take additional disciplinary action." The IAD investigations revealed criminal activity, which activity the CCSO referred to the district attorney for possible prosecution. In May 2015, after the GBI and the IAD investigations had concluded, the CCSO fired nine sheriff's deputies for their roles in Ajibade's death.

In June 2015, the district attorney presented a bill of indictment against two of the fired deputies and a private employee who had worked as a nurse at the detention center. The three individuals were indicted on charges that included involuntary manslaughter, aggravated assault, cruelty to an inmate, falsifying records, and making false statements to a GBI agent.

In about March and April 2015, Media General Operations, Inc. ("Media General") submitted to the CCSO requests pursuant to the Open Records Act (OCGA § 50-18-70 et seq.) for records pertaining to Ajibade, including video footage, incident or arrest reports, and IAD investigation reports. In response, the CCSO acknowledged that cameras it owned and operated had captured images of Ajibade on the relevant dates, that the CCSO maintained and prepared the images as part of its functions, and that it acted as custodian of the images. However, the CCSO refused to provide the requested video footage, asserting that the footage was exempt under OCGA § 50-18-72 (a) (4) because the footage was in the possession of the district attorney for "use in an on-going criminal investigation." The CCSO also refused to release the IAD investigation reports, stating that those records were exempt under the same statutory subsection (OCGA § 50-18-72 (a) (4)) because they had been provided to the district attorney. (The CCSO did not produce initial incident or arrest reports, stating that no such reports existed.) Media General renewed its request for the video footage and IAD reports, asserting that the exemption at issue does not apply to records in the possession of an *agency* that is the subject of the pending investigation or prosecution (OCGA § 50-18-72 (a) (4), infra).

In May 2015, Al St. Lawrence, in his capacity as Sheriff of Chatham County, and Meg Heap, in her capacity as District Attorney of Chatham County, filed the underlying action for declaratory judgment against Media General,[1] seeking a declaration that the items requested were exempt from disclosure because they were "part of an ongoing criminal investigation by the District Attorney's Office."[2]

In July 2015, the trial court entered judgment in favor of the CCSO and the district attorney, finding that the records were exempt from release pursuant to OCGA § 50-18-72 (a) (4) because the prosecution was still pending. Media General appeals.

The material facts of this case are undisputed. Because the issue presented on appeal is one of statutory construction, our review is de novo. See *Hardaway Co. v. Rives*, 262 Ga. 631 (422 SE2d 854) (1992); *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Our analysis begins with the following principle:

---

[1] The lawsuit named "WSAV, Inc." as defendant. However, in the notice of appeal, appellant identifies itself as "Media General Operations, Inc. d/b/a WSAV-TV," stating that it was "incorrectly sued in this action as 'WSAV, Inc.'"

[2] Members of Ajibade's family intervened in the declaratory judgment action as defendants. They are not parties to this appeal.

Our General Assembly has expressly declared that "public access to public records should be encouraged to foster confidence in government and so that the public can evaluate the expenditure of public funds and the efficient and proper functioning of its institutions." OCGA § 50-18-70 (a). To further this end, all public records are deemed subject to disclosure, "except those which by order of a court of this state or by law are specifically exempted from disclosure." OCGA § 50-18-71 (a).

*Schick v. Bd. of Regents of the Univ. Sys. of Ga.*, 334 Ga. App. 425, 429 (1) (779 SE2d 452) (2015); see *Howard v. Sumter Free Press*, 272 Ga. 521, 521-522 (1) (531 SE2d 698) (2000).

The exemption at issue is contained in OCGA § 50-18-72 (a) (4). That subsection exempts from disclosure:

[r]ecords of law enforcement, prosecution, or regulatory agencies *in any pending investigation or prosecution of criminal or unlawful activity*, other than initial police arrest reports and initial incident reports; provided, however, that an investigation or prosecution shall no longer be deemed to be pending when all direct litigation involving such investigation and prosecution has become final or otherwise terminated; and provided, further, that *this paragraph shall not apply to records in the possession of an agency that is the subject of the pending investigation or prosecution*[.] (Emphasis supplied.)

5

In this case, it is undisputed that the video footage and IAD investigation reports are public records and that the records are in the possession of the CCSO and/or, more recently, the district attorney. The sole issue on appeal is whether the records are exempt from public disclosure under the "pending prosecution" exemption set out in OCGA § 50-18-72 (a) (4). The CCSO and district attorney posit that the records were initially exempt as part of "pending investigation[s]" of criminal activity, and that later, when those investigations concluded and the matter was referred to the district attorney's office for prosecution, the records were exempt pursuant to the "pending prosecution" exemption. See OCGA § 50-18-72 (a) (4) (public disclosure not required of records of law enforcement/prosecution in any pending investigation or prosecution of criminal or unlawful activity); *Evans v. Georgia Bureau of Investigation*, 297 Ga. 318, 319 (773 SE2d 725) (2015). We hold that, under the circumstances presented in this case, the records come within the pending prosecution exemption to disclosure.

Media General contends that the *first* clause of the cited subsection (pertinently, that records in any pending prosecution of criminal activity are exempt from disclosure) does not control this case. OCGA § 50-18-72 (a) (4). According to Media General, its records request is governed by the *final* clause of that subsection,

which provides that the pending prosecution exemption does *not* apply to records in the possession of *an agency that is the subject of the pending prosecution*. Id. Media General asserts that the CCSO is "an agency that is the subject of the pending prosecution" as contemplated by OCGA § 50-18-72 (a) (4), because two sheriff's deputies and a nurse working at the detention center were indicted (and nine sheriff's office employees were fired) for their roles in Ajibade's death while he was an inmate in CCSO's custody, and the employees and staff had been acting in the course of their duties when the death occurred.

The CCSO and district attorney argue, however, that the "agency" provision of the statute is inapplicable because the CCSO itself was not the subject of the pending investigation and prosecution; instead, *individuals* were. We agree. There is no evidence in the record that either the Sheriff himself or the CCSO as a whole was the subject of the investigation or prosecution.

OCGA § 50-18-70 (b) provides in pertinent part that, "[a]s used in this article, the term: (1) 'Agency' shall have the same meaning as in Code Section 50-14-1." OCGA § 50-14-1 (a) (1) (C) pertinently defines "Agency" as "[e]very department, . . . office, . . . or similar body of each . . . county . . . of the state." Thus, the term "agency" does not include the employees of the agency; had the legislature intended

7

"agency" to include all individuals employed by the agency, it could have so provided. We note that, contrary to Media General's position, an agency *can* be the subject of a criminal prosecution. See, e.g., OCGA §§ 16-2-22 (a) (1), (a) (2) (a corporation can be criminally prosecuted; also, distinguishing between actions of an "agent" and a "managerial official" in connection with criminal prosecution of a corporation); OCGA § 50-18-70 (b) (1) (defining "agency" under Open Records Act as including some corporations).

In our view, the correct reading of OCGA § 50-18-72 (a) (4), and the one that is most natural and reasonable, is that the term "agency" is not synonymous with "employee." Under the circumstances of this case, the agency was not the subject of the prosecution. In fact, agency personnel requested criminal investigations of the individuals involved in Ajibade's death, conducted internal investigations of the individuals for possible violations of agency policies, fired several of those individuals, and referred the matter to the district attorney for possible prosecution.

Media General argues that the CCSO's act of placing otherwise public records (i.e., video footage and IAD reports) into exempt files (for investigations and prosecutions) did not render those records exempt. It cites *Irvin v. The Macon Tel. Pub. Co.*, 253 Ga. 43 (316 SE2d 449) (1984) for the principle that "merely placing

8

a public record into an exempt file does not make that public record exempt." But *Irvin* is inapposite, as it involved requests for records of GBI investigations of state employees, which records had been placed in the employees'(confidential) personnel files; unlike the instant case, in *Irvin* no criminal actions were taken against any of the employees investigated and there was no "pending prosecution." Id. at 43.

> [Al]though exemptions from disclosure under the Open Records Act are narrowly construed, the Act obviously should not be construed in derogation of its express terms. Again, the Act contains an express exemption from disclosure for "[r]ecords of law enforcement, prosecution, or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity." OCGA § 50-18-72 (a) (4).

*Evans*, supra at 319 (citations and punctuation omitted). The exemption upon which the CCSO and district attorney rely expressly excludes from disclosure the records at issue here. Thus, the CCSO and the district attorney met their burden of proving that the requested records are exempt from disclosure while the prosecution is pending. Notably, as the CCSO and the district attorney concede in their appellate brief, the requested records will absolutely be subject to disclosure when the criminal prosecutions of the three defendants are no longer pending.

No basis for reversal has been shown.

9

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*