331 N.W.2d 236 (1983)
In re: D.M.C., R.L.R., Jr.
No. C7-82-985.
Supreme Court of Minnesota.
June 17, 1983.
Rehearing Denied June 17, 1983.
*237 Tom Foley, County Atty., and Harry McPeak, Jr., Asst. County Atty., St. Paul, for petitioners.
Johnson, Essling, Williams, Essling & Daly and David Essling, St. Paul, for respondent.
Heard, considered and decided by the court en banc.
TODD, Justice.
Petitioners are each parents of an adult child they have sought to have involuntarily committed. The trial court appointed an examining psychiatrist. The petitioners requested that the examining doctor be permitted to examine the prior medical records of their respective children. The trial court denied this request on the grounds of medical privilege and limited the review of medical records to those obtained subsequent to the filing of the commitment petition. The petitioners seek a writ of prohibition in this court directing that the examining doctor be permitted to examine all relevant medical records. Subsequent to the application for the writ of prohibition, the children involved here each voluntarily committed themselves for treatment, thus making prior medical records available to the treating doctor. The issues presented are:
1. Is the application for a writ of prohibition moot?
2. Should a court-appointed medical examiner in commitment proceedings have access to the medical records of the proposed patient, other than the medical records existing from and after the filing of a commitment petition?
3. If the medical records are available, what is the scope of the examination of those records and what rights exist for the patient to prevent access to medical records?
1. The problem presented in this case is not alleviated by the voluntary commitment at this time of the involved children. The issue may arise again in the ongoing efforts of these parents to cope with the problems of their children. The matter is not moot because it is one capable of repetition, yet evading review. Northwest Publications, Inc. v. Anderson, 259 N.W.2d 254, 257 (Minn.1977).
2. Minn.Stat. § 253B.07, subd. 5 (1982), which governs these proceedings, provides for a pre-hearing examination following the initial screening and describes the procedure by which this examination should be conducted.
Subd. 5. Pre-hearing examination; report. The examination shall be held at a *238 treatment facility or other suitable place the court determines is not likely to have a harmful effect on the health of the proposed patient. The county attorney and the patient's attorney may be present during the examination. Either party may waive this right. Unless otherwise agreed by the counsel for the proposed patient, a court appointed examiner shall file three copies of his report with the court not less than 48 hours prior to the hearing. Copies of the examiner's report shall be sent to the proposed patient and his counsel.
The statute does not by its language limit the number or type of medical records which the pre-hearing examiner can use to make an evaluation of the proposed patient. Any claim to limit available medical records must proceed from grounds other than the statutory provision.
The trial court invoked the proposed patients' medical privilege to restrict the pre-hearing examiner's access to relevant medical records predating the petition for commitment. The medical privilege is a statutory privilege and not a constitutional right. State v. Enebak, 272 N.W.2d 27, 30 (Minn.1978). See Minn.Stat. § 595.02(4) (1982). The legislature has the power to limit or vary the privilege it has granted. In this case, the legislature waived the medical privilege as to relevant medical records of proposed patients, in Minn.Stat. § 253B.23, subd. 4 (1982):
Subd. 4. Immunity. All persons acting in good faith, upon either actual knowledge or information thought by them to be reliable, who act pursuant to any provision of this chapter or who procedurally or physically assist in the commitment of any individual, pursuant to this chapter, are not subject to any civil or criminal liability under this chapter.
Any privilege otherwise existing between patient and physician or between patient and examiner is waived as to any physician or examiner who provides information with respect to a patient pursuant to any provision of this chapter.
(emphasis added).
Sound policy reasons support the legislature's determination to waive the medical privilege of proposed patients and permit access to relevant medical records by court-appointed examiners. It is obvious that the greater the quantity of relevant, germane, and material medical information an examiner receives for each patient examined, the better the opportunity for a more complete evaluation of the proposed patient. The statute should be interpreted to permit access as long as the rights of the proposed patient are not infringed. We conclude therefore that the examining psychiatrist or psychologist appointed pursuant to Minn.Stat. § 253B.07, subd. 3 (1982), is entitled to receive prior medical records which are relevant and germane to the present mental and/or physical condition of the proposed patient, in accordance with the procedures hereinafter established.
3. Prior medical records of a proposed patient shall be made available to the pre-hearing examiner in the following manner. In conjunction with the filing of the petition for commitment with the court, petitioner shall secure a court order requesting the release of all available medical records bearing on the condition potentially requiring commitment.[1] The affected physicians and medical facilities shall deliver copies of the records forthwith to the trial court, or its designee. The records are entrusted to the court or its designee for the benefit of the proposed patient. Another copy of the requested records shall be sent *239 at the same time to the proposed patient or to counsel, if he or she is represented by counsel. If the proposed patient or counsel determine that all or part of the medical records are not relevant and germane to the examination, timely[2] application shall be made to the trial court for a protective order. The trial court shall grant the protective order in its discretion, if the age of the record or its contents persuade the court that it is not relevant and germane to the examination of the present condition of the proposed patient. All records to which the proposed patient raises no objection and which are not subject to a protective order shall be delivered to the examiner. The examiner should use the records to conduct a thorough pre-hearing examination pursuant to Minn.Stat. § 253B.07, subd. 5 (1982), and may use them to form the basis for an opinion as to the necessity of involuntary commitment.
Ordinarily, a writ of prohibition would issue in this case to enforce our ruling today. However, since these proposed patients have voluntarily committed themselves for treatment, and in light of our sparing use of the writ of prohibition as a remedy, the writ need not issue in this case.
Writ of Prohibition shall not issue.
SIMONETT, J., took no part in the consideration or decision of this case.
WAHL, Justice, concurring specially.
The majority opinion, in interpreting the waiver statute, Minn.Stat. § 253B.23, subd. 4 (1982) takes a broader sweep into the medical privilege of proposed patients than the legislature intended. The privilege is waived only "as to any physician or examiner who provides information with respect to a patient pursuant to any provision of this chapter." (Emphasis added.) The provisions of the chapter pursuant to which the information might be provided are the prescreening provisions of Minn.Stat. § 253B.07, subd. 1(b) (1982) and Minn.Stat. § 253B.07, subd. 5, requiring a prehearing examination. That examination must be conducted in conformance with Rule 8.01, Special Rules of Procedure Governing Proceedings Under the Minnesota Commitment Act of 1982, which requires that "[a]ll examinations shall conform to the same standards as apply to any aspect of professional practice."
What information must the examiner have, then, in order to conduct an examination in conformance with professional standards? Counsel for petitioners has answered that query for the court by providing affidavits of two board-certified psychiatrists and a licensed consulting psychologist. Each affiant states that recent germane medical records are essential to the conduct of an examination in accordance with the standards that apply to the practice of their respective professions of psychiatry and psychology. I would hold that section 253B.23, subd. 4 abrogates the proposed patient's medical privilege only as to recent, germane medical records essential to the conduct of an examination in accordance with professional standards. The statute requires no more.
COYNE, Justice.
I join in the concurring opinion of WAHL, J.
YETKA, Justice.
I join in the concurring opinion of WAHL, J.
NOTES
[1] If the volume of relevant records is great, the trial court in its discretion may allow physicians and medical facilities to submit summaries to the court of the relevant records. Cf. Minn.R.Evid. 1006.
[2] In most cases, application to the trial court for a protective order will be made within 48 to 72 hours of the time when the affected records are received by the proposed patient or counsel.