**In the Matter of Dennis M. SKARSTEN.**

**In the Matter of James Paul TAYLOR.**

**Nos. C2-84-25, C4-84-26.**

Court of Appeals of Minnesota.

June 26, 1984.

Lawrence Commers, Minneapolis, for appellants.

Thomas Johnson, Hennepin Co. Atty., Peter Fransway, Asst. Hennepin Co. Atty., Minneapolis, for appellee.

Heard, considered and decided by POPO-VICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

Skarsten and Taylor appealed the December 1, 1983 order of the trial court, granting in part and denying in part their motions for amended findings and denying new trials. We affirm.

## FACTS

Appellant Skarsten was committed to Anoka State Hospital as mentally ill on May 27, 1982. Appellant Taylor was committed to Anoka State Hospital as mentally ill on July 5, 1979. Pursuant to legislative mandate, 1983 Laws of Minnesota chapter 251, § 27, the trial court ordered review hearings for both appellants. Appellants requested appointment of a second examiner pursuant to Minn.Stat. § 253B.07, subd. 3 (Supp.1983). The report of the second examiner, Dr. James Jacobson, was submitted to the court, the county attorney, and appellants' counsel.

At their review hearings, appellants moved to suppress the report claiming the statute did not require disclosure and the report was medically privileged. Each motion was denied. Both appellants were found mentally ill and continued commitment at Anoka State Hospital was ordered. Appellants then moved for amended findings or new trials alleging improper admission of the second examiner's report, improper admission of hospital records, failure to specify length of commitment, failure to initiate review by petition, and insufficient evidence to support a finding of mental illness. On December 1, 1983 the court specified a definite commitment period for each appellant and denied all other motions. On appeal, appellants raise only the admissibility of the examiner's report and the failure to initiate the review hearing by petition.

## ISSUE

1. Did the trial court properly admit the report of a second examiner appointed pursuant to Minn.Stat. § 253B.07, subd. 3 (Supp.1983).

2. Did the trial court properly decide the review hearing did not require initiation by petition.

## ANALYSIS

■ 1. The commitment status of both appellants was reviewed following an initial period of indeterminate confinement. Minn.Stat. § 253B.12 sets forth the procedures for this review hearing.

> Prior to the hearing, the court shall inform the patient that he is entitled to an independent examination by an examiner chosen by the patient and appointed in accordance with provisions of section 253B.07, subdivision 3. The report of the examiner may be submitted at the hearing.

Minn.Stat. § 253B.12, subd. 3 (1982). Appellants urge interpreting this statute to mean the report of the second examiner "may be submitted" only if the proposed patient does not object. We do not agree.

■ 2. Appellants assert the report is an improper disclosure of information and opinion contrary to the statutory medical privilege. Minn.Stat. § 595.02(7) (1982). The report of a court appointed psychiatrist, however, is not excludable on the basis of medical privilege. *State v. Jensen*, 286 Minn. 65, 73, 174 N.W.2d 226, 230 (1970). The privilege is intended to protect only those communications necessary to obtain the benefits of the examiner's training. Dr. Jacobson did not attend either appellant for the purpose of diagnosis and treatment, but examined them to prepare reports and recommendations to the court.

Even assuming the medical privilege would *otherwise apply to the report of the* second examiner, the Legislature has specifically withdrawn the privilege.

> * * * Any privilege otherwise existing between patient and physician or between patient and examiner is waived as to any physician or examiner who provides information with respect to a patient pursuant to any provision of this chapter.

Minn.Stat. § 253B.23, subd. 4 (1982). This permits access to medical records which would ordinarily be privileged. *In Re D.M.C.*, 331 N.W.2d 236, 238 (Minn.1983). There, our Supreme Court held that court appointed examiners are entitled to review medical records despite the objection of the proposed patient, stating:

> [i]t is obvious that the greater the quantity of relevant, germane, and material medical information an examiner receives for each patient examined, the better the opportunity for a more complete evaluation of the proposed patient.

*Id.* at 238. Similarly, as the trial court noted, the Legislature intended a committing court to operate from full knowledge. We agree with the trial court that "[t]o deny the Court access to the second opinion would be to deny it knowledge, contrary to the intent of the Legislature."

■ 3. The Legislature ordered a review of the status of persons committed for an indeterminate term under the old commitment statute.

> * * * Any person, other than a person committed as mentally ill and dangerous, who was committed pursuant to chapter 253A and whose term of commitment is indeterminate shall have his status reviewed pursuant to the provisions of section 12 prior to February 1, 1984.

1983 Minn.Laws Chapter 251, § 27. This section amended 1982 Laws Chapter 581, § 12, now codified at Minn.Stat. § 253B.12 (1982).

Prior to termination of the initial commitment period, a review hearing is held. Minn.Stat. § 253B.12 (1982). The reviewing court may order continued commitment for a prescribed period *not to exceed 12* months. Minn.Stat. § 253B.13, subd. 1 (Supp.1983). At the conclusion of the continued period, no further commitment may be ordered unless a new petition for commitment is filed. *Id.*

Appellants argue the review hearing required by the Legislature should be one occurring "at the conclusion of the prescribed" continued commitment period. Appellants cite no authority for this interpretation. The trial court held a Minn.Stat. § 253B.12 review hearing, as though the hearing were "prior to the termination of the initial commitment order." The trial court then set a prescribed period of continued commitment of 12 months.

The Legislature ordered a hearing pursuant to Minn.Stat. § 253B.12 (1982) and did not require a petition for a review hearing. A new petition is required to commit appellants beyond the 12 months set by the trial court at the review hearing.

### DECISION

We conclude the review process followed by the trial court for continued commitment was proper. The trial court properly admitted the reports of the second examiner over appellants' objection and properly reviewed appellants' commitments without new petitions being filed.

Affirmed.