**In the Matter of Lyle REDCLOUD.**

**No. C7–84–1882.**

Court of Appeals of Minnesota.

Dec. 31, 1984.

Stephen Radtke, Bloomington, for Red-cloud.

Thomas L. Johnson, Hennepin County Atty., Douglas J. McClellan, Asst. County Atty., Minneapolis, for Hennepin County.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant was determined to be chemically dependent and in need of treatment on September 24, 1984. He was committed to Bell Hill Recovery Center and appealed. We affirm.

## FACTS

After 171 detoxification admissions to the Hennepin County Alcohol Receiving Center, a petition was filed for commitment of appellant as a chemically dependent person. The petitioner, a chemical dependency counselor at the Center, testified (1) appellant was chemically dependent, (2) listed numerous incidents concerning appellant's abuse of alcohol and Lysol, and (3) recommended in-patient treatment.

Psychologist Thomas Alberg was appointed by the court to examine appellant. He confirmed the diagnosis of chemical dependency and recommended long-term treatment in a secure facility. The trial court found appellant was a chemically dependent person and rejected alternatives less restrictive than commitment to Bell Hill Recovery Center.

## ISSUES

1. Was the evidence sufficient to commit appellant as a chemically dependent person?

2. Was the petition for commitment legally sufficient?

3. Did the trial court properly admit appellant's medical records from the Hennepin County Alcohol Receiving Center?

## ANALYSIS

1. Appellant argues the court's finding of chemical dependency is unsupported by the evidence and the court failed to consider any alternative to commitment to Bell Hill Recovery Center.

> If the [trial] court finds by clear and convincing evidence that the proposed patient is a mentally ill, mentally retarded, or chemically dependent person and, * * * it finds there is no suitable alternative to judicial commitment, the court shall commit the patient to the least restrictive treatment facility which can meet the patient's treatment needs * * *.

Minn.Stat. § 253B.09, subd. 1 (1982).

> "Chemically dependent person" means any person (a) determined as being incapable of managing himself or his affairs by reason of the habitual and excessive use of alcohol or drugs; and (b) whose recent conduct as a result of habitual and excessive use of alcohol or drugs poses a substantial likelihood of physical harm to himself or others as demonstrated by (i) a recent attempt or threat to physically harm himself or others, (ii) evidence of recent serious physical problems, or (iii) a failure to provide necessary food, clothing, shelter, or medical care for himself.

Minn.Stat. § 253B.02, subd. 2 (1982).

The trial court's finding that appellant is a chemically dependent person will not be disturbed unless clearly erroneous. Minn.R.Civ.P. 52.01. The finding here is supported by (1) appellant's history of 171 admissions for detoxification, (2) his repeated need for medications to overcome the effects of withdrawal including delirium tremens and seizures, (3) his consumption of Lysol, (4) his unconscious position on railroad tracks, (5) statements made to Receiving Center personnel that appellant has not eaten when admitted, and (6) the diagnoses of doctors Leither and Alberg.

Appellant argues the court did not consider any alternatives to Bell Hill Recovery Center. In fact, both examiners recommended in-patient treatment. Appellant's refusal to cooperate with voluntary treatment foreclosed other options. Dr. Alberg testified the number of in-patient treatment facilities with sufficient security to hold appellant was limited. The court was informed there would be a lengthy delay if treatment was obtained from the Veterans Administration. The order for commitment recites that the court:

> considered less restrictive alternatives such as voluntary out-patient care, informal admission to a local treatment facility, and release before commitment to an individual or agency upon conditions guaranteeing care and treatment for alcoholism, but rejected those alternatives because Respondent has demonstrated that he is unable to handle voluntary programming and treatment.

We conclude ample evidence supports the trial court's finding of chemical dependency and the choice of Bell Hill Recovery Center.

2. Appellant argues commitment was improper because (1) the initial petition lacked factual descriptions, (2) the examiner's supporting statement was inadequate, and (3) a medical examination was not conducted within 48 hours of admission.

It appears appellant's objections were first raised at the commitment hearing and no written motion to dismiss the petition was ever served.

Minn.Stat. § 253B.07, subd. 2 (Supp.1983) provides:

> The petition shall set forth the name and address of the proposed patient, the name and address of his nearest relatives, and the reasons for the petition. The petition must contain factual descriptions of the proposed patient's recent behavior, including a description of the behavior, where it occurred, and over what period of time it occurred.

*Id.*

The petition filed September 10, 1984 states that appellant had no permanent address. Several incidents, including admissions on August 9, 18, 25 and September 5, 1984 were described. On August 18 and August 25, appellant presented himself for admission and made various statements

concerning his consumption of Lysol, the length of time he had been drinking, the physical effects he was feeling, and his need for medication. The petitioner, a counselor at the Alcohol Receiving Center, personally observed appellant's behavior and was clearly identified in the petition.

Subdivision 2 also provides:

The petition shall be accompanied by a written statement by an examiner stating that he has examined the proposed patient within the 15 days preceding the filing of the petition and is of the opinion that the proposed patient is suffering a designated disability and should be committed to a treatment facility. The statement shall include the reasons for the opinion.

*Id.* The petition for appellant's commitment was accompanied by the statement of Thomas Leither, M.D. Leither examined appellant September 6, 1984, diagnosed him as chemically dependent, and recommended long-term in-patient treatment. Leither cited appellant's multiple admissions, his contacts with police, need for medication to control effects of withdrawal, and consumption of Lysol. This statement satisfies the statutory requirement.

3. Appellant argues the petition should have been dismissed because no examination pursuant to Minn.Stat. § 253B.06, subd. 2 (Supp.1983) occurred within 48 hours of admission. Appellant was admitted to the Alcohol Receiving Center at 4:45 p.m. Wednesday, September 5, 1984. Dr. Leither's statement in support of the petition indicates he examined appellant on September 6. The petitioner and a counselor, who testified at the commitment hearing, verified that Leither actually examined appellant. The trial court's conclusion that an examination was conducted in accordance with the statute will not be disturbed.

4. Appellant objected to the submission of records compiled by the Hennepin County Alcohol Receiving Center. He alleges the records are maintained by an approved treatment program, privileged, and may not be reviewed without his consent. *See* Minn.Stat. § 254A.09 (1982).

A proposed patient's condition is the precise issue in commitment proceedings. The trial court must be as fully informed as possible to rule on a petition for commitment. *See* Minn.R.Civ. Commitment 8.02 comments—1982; *see also In re D.M.C.,* 331 N.W.2d 236 (Minn.1983). The trial court must admit all relevant evidence. Minn.Stat. § 253B.08, subd. 7 (1982). Clearly, appellant's medical records are relevant to the commitment proceedings. If a proposed patient is denied access to his medical records, they may be excluded from evidence. Minn.R.Civ. Commitment 5.03. Appellant does not claim his access was limited and he cites no authority that consent is a prerequisite to the admission of medical records in commitment proceedings. The need for full information is crucial and overrides even the physician-patient privilege when a physician opines in commitment proceedings. Minn.Stat. § 253B.23, subd. 4 (1982).

5. Appellant also objects to the inclusion of police applications for his emergency admission. Rulings on the admissibility of evidence are left to the sound discretion of the trial court and will not be disturbed on appeal. *Jenson v. Touche Ross & Co.,* 335 N.W.2d 720, 725 (Minn. 1983). A police application is required for emergency admission and must set forth the officer's belief that the proposed patient is chemically dependent and in need of immediate restraint to prevent injury to himself or others. A copy of the application is made available to the patient. Minn. Stat. § 253B.05, subd. 2 (Supp.1983). The application is a part of appellant's medical records. We cannot agree that inclusion of the application with appellant's medical records was an abuse of the trial court's discretion.

## DECISION

The trial court properly denied appellant's motions to dismiss the petition and exclude medical records. The appellant

was properly committed as a chemically dependent person.

Affirmed.