**In the Matter of Candace CHAPMAN.**

**No. C2–86–448.**

Court of Appeals of Minnesota.

May 20, 1986.

Stephen D. Radtke, Bloomington, for appellant Candace Chapman.

Thomas L. Johnson, Hennepin Co. Atty., Douglas J. McClellan, Asst. Co. Atty., Minneapolis, for Hennepin County.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

On appeal from an order of commitment, its confirmation, and the denial of amended findings, conclusions, or a new trial, appellant Chapman challenges the use of the pre-petition screening report by the court-appointed examiner and the trial court. We affirm.

## FACTS

Candace Chapman is diagnosed as suffering from schizophrenia, although she denies she is mentally ill. She has been hospitalized and treated with medication, with periodic discharges, since 1978. The medical director of Minnesota Security Hospital petitioned for Chapman's recommitment in November 1985. A pre-petition screening report was prepared, recommending Chapman be recommitted to the state hospital.

The Minnesota Security Hospital was ordered to turn over Chapman's medical records for use by the court-appointed examiner, but failed to do so before the scheduled examination. Appellant's motion for dismissal of the petition for failure of the hospital to comply with the court's order was denied. Because the records had not been timely provided, *see In Re D.M.C.,* 331 N.W.2d 236 (Minn.1983), the trial court specifically authorized the examiner to review the pre-petition screening report. Chapman refused to talk with the court-appointed examiner at the time of the examination on December 5.

At trial on December 13, appellant moved to strike the examiner's report and testimony, alleging it was improper for the examiner to review the pre-petition screening report before offering his opinion. The trial court noted it specifically prevented the examiner from reviewing hospital records, since they had not been provided to counsel as ordered, and had directed that a copy of the pre-petition screening report be provided to the examiner. The court refused to strike the examiner's testimony and noted it also reviewed the pre-petition screening report and hearing testimony in concluding Chapman continued to be mentally ill and required commitment.

## ISSUES

1. Did the trial court properly authorize the examiner to review the pre-petition screening report?

2. Did the trial court properly consider the pre-petition screening report when reaching its decision?

## ANALYSIS

 The issues presented by this appeal were resolved by this court in *In re Morton,* 386 N.W.2d 832 (Minn.Ct.App. 1986), being released simultaneously with this matter. There we held examiners may review pre-petition screening reports.

Here the trial court specifically directed a copy of the report be provided to the examiner. Copies of the "report shall be given to the proposed patient, his counsel, the petitioner, any interested person, and *any other persons as the court directs."* Minn.Stat. § 253B.07, subd. 4 (emphasis added). Appellant's argument that the examiner is not "any other person" is unpersuasive. Even private data may be disseminated if specifically authorized by state law. Minn.Stat. § 13.05, subd. 4(b) (1984). Dissemination is clearly authorized by the commitment act and was specifically ordered by the trial court.

In commitment proceedings, the trial court "shall make its determination upon the entire record pursuant to the rules of evidence." Minn.Stat. § 253B.08, subd. 7. As we held in *Morton,* the rules of evidence authorize introduction of the pre-petition screening report as an exception to the hearsay rule.

## DECISION

The trial court properly relied upon the pre-petition screening report in concluding Chapman remains mentally ill and requires recommitment.

The trial court was authorized to direct that a copy of the pre-petition screening report be provided to the court-appointed examiner.

Affirmed.