In the Matter of Wallace MORTON.

No. C3–86–376.

Court of Appeals of Minnesota.

May 20, 1986.

Stephen D. Radtke, Bloomington, for appellant Wallace Morton.

Thomas L. Johnson, Hennepin Co. Atty., John R. Owen, Asst. Co. Atty., Minneapolis, for respondent Hennepin County.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Wallace Morton appeals from an order and judgment of commitment and the denial of amended findings and conclusions or a new trial. He challenges the use of the pre-petition screening report by the court-appointed examiner and the trial court. The trial court overruled his objections and denied all motions. We affirm.

## FACTS

Wallace Morton is a mentally retarded person who has been a patient at various state hospitals since 1960. A pre-petition screening report was prepared in July 1985, recommending that Morton be re-committed. The screening team's investigation, interviews, and report were required by Minn.Stat. § 253B.07, subd. 1 (1984).

The court-appointed examiner, licensed consulting psychologist Bruce Thordal, reviewed Morton's medical records and the pre-petition screening report, and then interviewed and examined Morton on November 1, 1985. Morton did not move, prior to the November 1 examination, to prevent Thordal from reviewing the screening report.

At trial on December 5, Morton moved to "exclude the [report] from consideration of this matter, and [to instruct] Dr. Thordal to provide his diagnosis, not considering [the] report." Counsel claimed the report was inadmissible hearsay and disclosure to the examiner was barred by the Minnesota Government Data Practices Act. *See* Minn.Stat. § 13.01–.90 (1984 & Supp.1985). Although the report was not offered into evidence at trial, it was incorporated into and attached to the petition by the county attorney when it was filed. Objection was made to incorporation.

The trial court found the Data Practices Act did not apply, the pre-petition screening report provided valuable information to the court, and the probative value of the report outweighed the prejudicial impact of any hearsay which may be contained in the report.

## ISSUES

1. Was the examiner entitled to review the pre-petition screening report?

2. Is the pre-petition screening report admissible for consideration by the court during the commitment process?

## ANALYSIS

A screening team appointed by the appropriate county agency is required to conduct a preliminary investigation of all applications for commitment. Minn.Stat. § 253B.07, subd. 1(a). It must include interviews with the proposed patient and "other individuals who appear to have knowledge of the condition of the proposed patient." *Id.* subd. 1(a)(i). The screening team must also identify the specific conduct upon which the application is based and identify and explore alternatives to involuntary commitment. *Id.* subd. 1(a)(iii). The team is permitted "access to all relevant medical records of proposed patients currently in treatment facilities." *Id.* subd. 1(b). All data collected from such records is "considered private data on individuals." *Id.* If the team recommends commitment, a written report of the investigation is sent to the proper county attorney. *Id.* subd. 1(c).

■ 1. Morton argues court-appointed examiners should not be permitted to review the report of the pre-petition screening team on the erroneous assumption the entire pre-petition screening report is private data.

Subdivision 1 of Minn.Stat. § 253B.07 governs the screening team investigation. "In conducting the investigation required by this *subdivision,* the screening team shall have access to all relevant medical records of proposed patients currently in treatment facilities." Minn.Stat. § 253B.07, subd. 1(b) (emphasis added). However, "[d]ata collected pursuant to this *clause* [clause b of subdivision 1] shall be considered private data on individuals." *Id.* Although the usual privilege between a patient and physician is deemed waived when information is sought pursuant to the commitment act, *see* Minn.Stat. § 253B.23, subd. 4, any information obtained from medical records remains private data.

Private data is not available to the public, but it is accessible to the subject of the data. Minn.Stat. § 13.02, subd. 12 (1984). Generally, private data may not be disseminated unless "necessary for the administra-

tion and management of programs specifically authorized by the legislature." *Id.* § 13.05, subd. 3. Respondent argues review of the pre-petition screening report by the examiner is necessary to the commitment process, and that process is governed and authorized by statute.

Dissemination of private data is proper if specifically authorized by state law. *Id.* subd. 4(b). An example of specific statutory authorization for the dissemination of private data collected by the screening team from medical records is the requirement the report be sent to the county attorney when commitment is recommended. *See* Minn.Stat. § 253B.07, subd. 1(c). Copies must also be given, with the petition and notice of the pre-hearing examination "to the proposed patient, his counsel, the petitioner, any interested person, and any other persons as the court directs." *Id.* subd. 4. While the statute authorizes the trial court to direct that the examiner receive the report, it is clear the trial court here did not so direct.

An additional exception to the Data Practices Act applies to the examiner's access to the screening report. Data collected by an agency "as part of an active investigation undertaken for the purpose of the commencement or defense of a pending civil legal action, or which are retained in anticipation of a pending civil legal action, are classified as protected nonpublic data" and "accessible to any person, agency, or the public" if "access will aid the law enforcement process, promote ·public health or safety or dispel widespread rumor or unrest." Minn.Stat. § 13.39, subd. 2 (1984). Screening team investigations are specifically undertaken to evaluate whether a legal action for commitment should be brought by the county attorney. Appellant conceded at oral argument that access to the screening report is helpful to the court-appointed examiner and aids the commitment process. The commitment process is clearly designed to treat mentally ill and mentally retarded persons.

Our supreme court has stressed the value of permitting court-appointed examiners, who do not conduct independent interviews, except with the proposed patient, full access to all available information.

It is obvious that the greater the quantity of relevant, germane, and material medical information an examiner receives for each patient examined, the better the opportunity for a more complete evaluation of the proposed patient.

*In Re D.M.C.*, 331 N.W.2d 236, 238 (Minn. 1983).

Although Morton was already a patient at the state hospital when this petition was brought, we note that recent behavior by other proposed patients not confined may not appear in their medical records, but may be documented in the pre-petition screening report. We conclude pre-petition screening reports, as compilations of data collected for the purpose of bringing commitment proceedings, may be disseminated to court-appointed examiners, whose access will promote the purposes of the commitment act.

2. Morton next argues the trial court should not consider the screening report or permit its introduction at a hearing on the petition. The issue at the hearing is whether the allegations of the *petition* have been met. The results of the screening team investigation may be relevant to the trial court's determination of whether the petition has been proved.

 A presumption in favor of admissibility applies to all commitment cases.

The court shall admit all relevant evidence at the hearing. The court shall make its determination upon the *entire* record pursuant to the rules of evidence.

Minn.Stat. § 253B.08, subd. 7 (emphasis added). Reports compiled by an agency concerning observations made pursuant to law "as to which matters there was a duty to report" are not excluded by the hearsay rule, "unless the sources of information or other circumstances indicate lack of trustworthiness." Minn.R.Evid. 803(8). Appellant made no showing the information in the pre-petition report is untrustworthy.

 Although we conclude the screening team report is admissible, we are concerned that private data gathered from medical records not be disclosed to the public. Medical records offered at commitment hearings are routinely withdrawn by counsel following the hearing. Screening reports containing private data should be similarly withdrawn. Incorporation into the filed petition by reference to the report should not be permitted as occurred here. Commitment files are not routinely sealed absent court order, *see* Minn.Stat. § 253B.23, subd. 9, and incorporation of the pre-petition screening report into the petition itself renders the report accessible to the public. Copies of the report are provided to the county attorney, the proposed patient and counsel, and to any other person the trial court directs. Minn.Stat. § 253B.07, subds. 1(c), 4. The statute imposes upon the trial court the responsibility of identifying those persons who have a legitimate need for the screening report. That responsibility becomes moot when reports are made part of the public file. Trial courts should closely monitor access to prepetition screening reports.

## DECISION

The trial court properly overruled appellant's objections to the examiner's review of the pre-petition screening report and consideration of the report by the trial court at the commitment hearing.

Affirmed.