43863. HARRIS et al. v. COX ENTERPRISES, INC. et al.
(348 SE2d 448)

PER CURIAM.

The trial court ordered the release of Georgia Bureau of Investigation's report on its investigation of the Georgia State Patrol and ordered minutes of an executive session of the Georgia Board of Public Safety to be prepared and submitted to the Court under seal. The defendant members of the Georgia Board of Public Safety appealed and we affirm.

The public has a right to public records in Georgia. OCGA § 50-18-70. Generally, records of criminal investigations fall within the provisions of this statute if the criminal investigation has been completed. *Houston v. Rutledge,* 237 Ga. 764 (229 SE2d 624) (1976). This case turns on the question of whether the investigation has been concluded. The trial judge heard evidence and concluded that the investigation was complete. Upon review of the record we find that there is

evidence to support the holding of the trial judge.[1]

The trial court's order requiring that minutes of the Board of Public Safety's executive session be prepared and submitted under seal was within the court's discretion. An in camera inspection is necessary to determine whether the meeting comes within one of the exceptions set forth in OCGA § 50-14-4 to the provisions of OCGA § 50-14-1 et seq.

*Judgment affirmed. All the Justices concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, appellants urge the court to exempt certain portions of the materials from the Order to Disclose on grounds not heretofore dealt with by the trial court or this court. Appellants argue that the materials contain references to individuals which, if released publicly, would violate the individuals' rights to privacy. Appellants also contend that other portions of the report cannot be disclosed because they are required by the federal government to be kept confidential. In support of this argument, the portions of the materials in question were filed with this court under seal.

In response, the appellees argue that this court does not receive original evidence and the trial court did not consider the sealed material. Since there was no ruling on this issue they contend there is nothing to appeal. In addition they point out that counsel for appellants stated in open court that the only privilege relied on for not releasing the report was their contention that the investigation was still pending and the report did not become a public record until the investigation was complete. Therefore, the appellees argue that the appellants have waived the right to rely on any other exceptions.

As will be discussed infra, even when documents are found to be public records, and therefore open for inspection by the public, there may be some material contained therein which for competing public policy reasons are not subject to disclosure. The applicable law "requires a custodian of public records to preserve the confidentiality of information that the public does not have a right to see." *Griffin-Spalding County Hosp. Auth. v. Radio Station WKEU*, 240 Ga. 444, 447 (241 SE2d 196) (1978). To hold that the state may conduct an investigation gathering a wide scope of information which could wrongfully infringe on an individual's privacy and then by waiver, inadvertent or not, allow exempted information to be made public,

---

[1] The parties concede that the action of the Public Safety Board has taken place. Therefore, any issue of personnel action is moot. The only argument asserted concerning this being a pending criminal matter is that the report has been delivered to federal authorities for consideration.

could result in abuse of investigative powers. We hold the state could not waive the rights of individuals who are not parties to the present litigation and to the extent there may be rights to be protected, a further in camera review of the documents by the trial court will be necessary. See Div. 2, infra.

OCGA § 50-18-70 et seq., requires disclosure of public records with certain exceptions. We have already affirmed the trial court's holding that the material is not exempt on the grounds that there is an ongoing criminal investigation. The issue now raised is whether any of the material involved here could fall within other exceptions, and the appropriate procedure for resolving the issue of the exact portions of the materials which may not be disclosed.

1. The language of the Public Records Act in requiring disclosure is not all inclusive. "(a) All state, county, and municipal records, except those which by order of a court of this state or by law are prohibited from being open to inspection by the public, shall be open for personal inspection of any citizen of this state at a reasonable time and place; and those in charge of such records shall not refuse this privilege to any citizen." OCGA § 50-18-70 (a). After taking note of the provision that a court may prohibit the inspection of some records, we turn then to OCGA § 50-18-72 (a). The legislature here exempts from the public disclosure provisions "records that are specifically required by the federal government to be kept confidential or to medical or veterinary records and similar files, the disclosure of which would be an invasion of personal privacy . . ."

The language of the statute mandates the maintenance of confidentiality of records required by the federal government to be kept confidential or to medical or veterinary records and similar files, the disclosure of which would be an invasion of personal privacy. Medical and veterinary records are not involved in this case, but certain reports from the Federal Bureau of Investigation are included. If these are protected by federal statute, the Georgia statute does not reach them. Beyond this, it must be decided whether the words "similar files, the disclosure of which would be an invasion of personal privacy" impacts upon this case.

The invasion of personal privacy encompassed as an exception to the right of the public to access is to be determined by an examination of the tort of invasion of privacy. *Athens Observer v. Anderson,* 245 Ga. 63 (263 SE2d 128) (1980). The *Athens Observer* case recognizes this protectable right as " 'the right of a person . . . to be free from unwarranted publicity, . . . or the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern.' " *Gouldman-Taber Pontiac v. Zerbst,* 213 Ga. 682, 683 (100 SE2d 881) (1957). However, a privacy right does not limit "legitimate inquiry into the

operation of a government institution and those employed by it." *Athens Observer*, supra p. 66, and we held that information reflecting upon an individual's performance of official duties would not be exempt from open records.

The language of the code shows a public policy in favor of open government. *Richmond County Hosp. Auth. v. Southeastern Newspapers*, 252 Ga. 19 (311 SE2d 806) (1984). The public has a legitimate interest in the expenditure of public funds and the performance of official duties. *Richmond County Hosp. Auth.; Athens Observer.* However, those portions of public records which invade personal privacy may not be disclosed. Various factors weigh on the question of whether personal privacy protects information from disclosure. Among other things, the court should consider whether the information is unsubstantiated and based on hearsay, whether it does not relate or relates only incidentally to the subject matter of the public record and the remoteness in time of the events referred to.

While this state has a strong policy of open government, there is a corresponding policy for protecting the right of the individual to personal privacy. References to. matters about which the public has, in fact and in law, no legitimate concern, though found in a public document are not subject to disclosure under the Public Records Act because they are not the subject of "legitimate public inquiry."

2. The determination of whether portions of public records fall within the exceptions discussed in Division 1 must be made by the trial court. We therefore remand this case to the trial court for an in camera inspection of the portions of the records which have been put in question by the appellants and determination of whether they are exempt from the disclosure requirements of the statute.

DECIDED SEPTEMBER 5, 1986 —
RECONSIDERATION DENIED OCTOBER 7, 1986.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Daryl A. Robinson, Senior Assistant Attorneys General,* for appellants.
*Terrence B. Adamson, R. Keegan Federal, Jr., Powell, Goldstein, Frazer & Murphy, James C. Rawls, Lisa S. Messing,* for appellees.