S04A0932. CITY OF ATLANTA v. COREY ENTERTAINMENT, INC. et al.

S04A0934. FOUCH v. COREY ENTERTAINMENT, INC. et al.

(604 SE2d 140)

FLETCHER, Chief Justice.

The City of Atlanta and Barbara Fouch, d/b/a Creative Media Displays of Georgia, appeal the Fulton County Superior Court's order

directing them to disclose Fouch's tax returns to Corey Entertainment, Inc. Corey Entertainment sought the documents as part of its challenge to the City's decision to award an airport advertising contract to Creative Media Displays and Clear Channel, Inc. Fouch and the City of Atlanta argue that the tax returns are exempted from disclosure under the Georgia Open Records Act[1] because federal regulations prohibit their disclosure without Fouch's consent. Because federal regulations do not prohibit the disclosure of the documents, which fall within the purview of the Georgia Open Records Act, we affirm.

Corey Entertainment filed a formal protest after the City announced its decision to award an advertising concession contract for the Atlanta airport to Clear Channel, Inc. As part of its winning bid, Clear Channel promised to subcontract 30% of the work to Creative Media Displays, which was certified as a Disadvantaged Business Enterprise (DBE). Corey Entertainment challenged the City's decision on the basis that Creative Media Displays did not qualify as a DBE, and that but for its DBE status, Corey Entertainment would have won the contract. Corey Entertainment submitted an Open Records Act request to the City, but the City offered to produce only some of the relevant documents, and refused to produce Fouch's tax returns.

Creative Media Displays was certified by the City as a DBE pursuant to a program administered by the U. S. Department of Transportation. Under that program, in order for the City to be eligible for certain federal funds, the DOT requires the City to ensure "that at least 10 percent of all businesses at the airport . . . are . . . concerns . . . owned and controlled by a socially and economically disadvantaged individual."[2] A qualifying concern owned by socially and economically disadvantaged individuals is referred to in the DOT regulations as a "Disadvantaged Business Enterprise."[3] The DOT regulations set forth the standards and procedures for the City to use to determine whether an enterprise qualifies as a DBE. In May, 2002, Fouch applied for DBE certification, and the City granted that application in July, 2002.

Corey Entertainment brought suit in Fulton County Superior Court seeking to compel the City to produce Fouch's tax returns. Fouch intervened as a defendant. The City and Fouch argued that federal regulations prohibited the disclosure of the tax returns, and that they were therefore exempted from disclosure under OCGA

---

[1] OCGA § 50-18-70 et seq.

[2] 49 USC § 47107 (e) (1).

[3] 49 CFR § 26.5.

§ 50-18-72 (a) (1). The trial court disagreed, granted Corey Entertainment's motion for summary judgment, and ordered the City to produce Fouch's tax returns. The trial court also ordered Corey Entertainment to refrain from disclosing the documents to uninvolved parties.

1. The purpose of Georgia's Open Records Act is to allow the public to evaluate the expenditure of public funds and "to foster confidence in government through openness to the public."[4] To that end, the Georgia Open Records Act treats all public records as subject to disclosure, "except those which by order of a court of this state or by law are prohibited or specifically exempted from being open to inspection."[5] Fouch's tax returns, which were submitted to the City in her attempt to receive certification as a DBE, qualify as public records because they were "received in the course of the operation of a public office or agency."[6] Therefore, unless federal or state law specifically prohibits the disclosure of the tax returns, they are subject to disclosure under the Act. Because public policy strongly favors open government, "*any* purported statutory exemption from disclosure under the Open Records Act must be narrowly construed."[7]

Fouch and the City claim that the tax returns are exempt from disclosure because the documents are "specifically required by the federal government to be kept confidential."[8] Fouch and the City cite several federal regulations to support their argument, but contrary to their assertions, these regulations do not specifically prohibit the disclosure of the documents. First, 49 CFR § 26.67 (a) (2) (iv) prohibits the release of "an individual's personal net worth statement [and] any documentation supporting it. . . ." But Fouch did not submit a "personal net worth statement," as that document is defined by 49 CFR § 26.67 (a) (2) (ii). Thus, as the trial court properly noted, 49 CFR § 26.67 (a) (2) (iv) does not specifically prohibit the disclosure of the tax returns.

Next, Fouch and the City argue that 49 CFR § 26.109 (a) (2) prohibits the release of the tax documents, because that regulation requires the City to "safeguard from disclosure to unauthorized persons information that may reasonably be considered as confidential business information consistent with Federal, state, and local law."[9] But to be consistent with State law, the City should maintain

[4] *Athens-Observer, Inc. v. Anderson*, 245 Ga. 63, 66 (263 SE2d 128) (1980).

[5] OCGA § 50-18-70 (b).

[6] OCGA § 50-18-70 (a).

[7] *Hardaway Co. v. Rives*, 262 Ga. 631, 634 (422 SE2d 854) (1992).

[8] OCGA § 50-18-72 (a) (1).

[9] We express no opinion as to the effect of the amended version of 49 CFR § 26.109 (a) (2), referencing DBE applications, as that version did not come into effect until more than eight

the confidentiality of these documents until properly ordered by a court to release them for a legitimate purpose. Allowing the City to prevent any disclosure of the documents under all circumstances would be inconsistent with state law. Georgia law does generally treat tax returns as confidential information, at least when they are in possession of the taxing authorities, but provides that they may be disclosed "in accordance with proper judicial order."[10] Further, to the extent that the Atlanta Code prohibits disclosure,[11] that regulation is trumped by the Open Records Act, a state statute of general application.[12] Fouch and the City have cited no federal law that prevents the disclosure of the tax returns in accordance with a proper judicial order.

The case of *Bowers v. Shelton*[13] does not change the analysis. In that case, this Court ruled that the trial court properly enjoined the State from disclosing Shelton's tax returns to parties that sought disclosure through the Open Records Act.[14] The information was sought as a result of a high-profile tax delinquency prosecution, but the requesters failed to show how their desire for the documents related to a "legitimate public inquiry."[15] The requests in that case amounted to no more than an unauthorized invasion of Shelton's privacy.[16] This Court did note, however, that "the confidentiality of tax returns or return information is not absolute."[17] And unlike the requesters in Shelton, Corey Entertainment has shown that its desire for the documents does relate to a "legitimate public inquiry," rather than merely to invade Fouch's privacy.

2. Next, Fouch and the City argue that the records are exempt under the Open Records Act because to disclose them would constitute an invasion of Fouch's privacy.[18] But the right of privacy in these circumstances "extends only to unnecessary public scrutiny," and does not protect against "legitimate inquiry into the operation of a

---

months after the documents were requested in this case, and two months after the trial court's order at issue.

[10] OCGA § 48-7-60 (a).

[11] Section 2-1108 (c) of the Atlanta City Code states that
procurement information shall be a public record to the extent required by the laws of the State, with the exception that commercial or financial information obtained in response to a request for proposals which is privileged and confidential shall not be disclosed.

[12] *J&L Oil Co., Inc. v. City of Carrollton*, 230 Ga. 817, 819 (199 SE2d 190) (1973).

[13] 265 Ga. 247 (453 SE2d 741) (1995).

[14] Id. at 251.

[15] Id.

[16] Id. at 248.

[17] Id. at 250, n. 9.

[18] *Athens-Observer, Inc.*, 245 Ga. at 65-66.

government institution."[19] Because of the importance of DBE certification in the procurement of governmental contracts, there is a strong need for open government to prevent the appearance of impropriety and corruption in the certification process. The goals of the DBE program could easily be compromised without the anesthetic effect of at least limited sunlight into the certification process.

Corey Entertainment has a right to challenge the City's contract decision,[20] and that right overrides Fouch's interests in maintaining the confidentiality of the documents. The need for open government, particularly in the arena of governmental contracts, must tip the scales in favor of disclosure, especially when the trial court ordered Corey Entertainment not to disclose the returns to any uninvolved persons. Further, Fouch's expectations of privacy are diminished when she submitted the documents in an attempt to receive favorable public contracts.[21]

3. Finally, Fouch argues that Corey Entertainment may not challenge her DBE certification because 49 CFR § 26.87 provides the exclusive means in which to do so. But this regulation does not preempt Corey Entertainment's challenge, based on state law, to the City's decision to award the contract to Clear Channel. Corey Entertainment has never sought to have Fouch's business de-certified. Instead, it has merely sought to challenge that certification to the extent that it formed the basis for the City's decision to award the contract to Clear Channel and Fouch instead of Corey Entertainment.

*Judgment affirmed. All the Justices concur, except Sears, P. J., not participating.*

DECIDED OCTOBER 12, 2004.

*Linda K. DiSantis, Jerolyn W. Ferrari, Stacy Y. Cole*, for City of Atlanta.

*Smith, Gambrell & Russell, Judson H. Simmons, William Van Hearnburg, Jr.*, for Fouch.

*Balch & Bingham, Michael J. Bowers, J. Matthew Maguire, Jr., Alexandra E. Chopin*, for Corey Entertainment, Inc. et al.

---

[19] Id.

[20] See, e.g., *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533, 538 (2) (1980).

[21] See generally *Doe v. Sears*, 245 Ga. 83, 86 (2) (263 SE2d 119) (1980).