## A10A2103. STATE ROAD AND TOLLWAY AUTHORITY v. ELECTRONIC TRANSACTION CONSULTANTS CORPORATION.
### (702 SE2d 486)

ELLINGTON, Judge.

Electronic Transaction Consultants Corporation filed this action in the Superior Court of Fulton County seeking to enjoin the State Road and Tollway Authority from releasing a certain document in response to a third party's request under Georgia's Open Records Act, OCGA § 50-18-70 et seq. After a hearing, the trial court determined that the document, a detailed price proposal that Electronic submitted to the Authority as part of its winning bid to supply part of a highway tolling system project, contains Electronic's trade secrets and is exempt from production under the Act. Based on this determination, the trial court permanently enjoined the Authority from releasing the document.[1] The Authority appeals, contending that the trial court erred in finding that the price proposal is a

---

[1] The trial court's order prohibits the Authority from releasing Electronic's price proposal without providing any temporal limit to the prohibition. As a result, even though the order indicates that Electronic "met the legal stand[ard] for the granting of a temporary

protected trade secret. For the reasons explained below, we reverse.

"Entry of a permanent injunction is appropriate [only] in clear and urgent cases where there is a vital necessity to prevent a party from being damaged and left without an adequate remedy at law." (Citation and punctuation omitted.) *Smith v. DeKalb County*, 288 Ga. App. 574, 576-577 (2) (654 SE2d 469) (2007).

> In determining whether the trial court's grant of a permanent injunction was proper, the standard of review on appeal is whether or not the trial court manifestly abused its discretion. A trial [court] manifestly abuses [its] discretion when [it] grants an injunction adverse to a party without any evidence to support such judgment and contrary to the law and equity.

(Citation and punctuation omitted.) Id. at 576 (2).

Georgia's Open Records Act provides:

> All public records of an agency . . . , except those which by order of a court of this state or by law are prohibited or specifically exempted from being open to inspection by the general public, shall be open for a personal inspection by any citizen of this state at a reasonable time and place; and those in charge of such records shall not refuse this privilege to any citizen.

OCGA § 50-18-70 (b). "The purpose of Georgia's Open Records Act is to allow the public to evaluate the expenditure of public funds and to foster confidence in government through openness to the public." (Punctuation and footnote omitted.) *City of Atlanta v. Corey Entertainment*, 278 Ga. 474, 476 (1) (604 SE2d 140) (2004).[2] "Because public policy strongly favors open government, any purported statutory exemption from disclosure under the Open Records Act must be narrowly construed." (Punctuation, footnote and emphasis omitted.) Id.

Among the exemptions to the Act's requirement that a public record be open to inspection are "[a]ny trade secrets obtained from

---

restraining order[,]" the injunctive relief granted is permanent, rather than temporary or interlocutory, in nature. *State Farm &c. Ins. Co. v. Mabry*, 274 Ga. 498, 509 (5) (556 SE2d 114) (2001).

[2] See also *Central Atlanta Progress v. Baker*, 278 Ga. App. 733, 734-735 (629 SE2d 840) (2006) ("The Open Records Act was enacted in the public interest to protect the public from 'closed door' politics and the potential abuse of individuals and misuse of power such policies entail. Therefore, the Act must be broadly construed to effect its remedial and protective purposes.") (footnotes omitted).

a person or business entity which are of a privileged or confidential nature and required by law to be submitted to a government agency[.]" OCGA § 50-18-72 (b) (1). Under Georgia law, "trade secret" is defined as

> ... information, without regard to form, including, but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information: (A) Derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

OCGA § 10-1-761 (4). "Whether a particular type of information constitutes a trade secret is a question of fact." (Citation and punctuation omitted.) *Douglas Asphalt Co. v. E. R. Snell Contractor*, 282 Ga. App. 546, 549 (639 SE2d 372) (2006).

The document at issue in this case is Electronic's response to the Authority's "Request for Proposal for the Tolling Systems Integrator/I-85 Express Lanes & Back Office Project." In Electronic's verified complaint for injunctive relief, it alleged that the document

> contains specific detailed technical and pricing information which is proprietary and confidential. The information in [Electronic's] Response and the method by which [Electronic] allocates costs and pricing for the services it provides is unique to [Electronic] and provides economic value to [Electronic] and the disclosure of such information would undermine its economic value.

Electronic's price proposal breaks the total project into several components: implementation services, hardware, software, maintenance and hosting, and spares. Each of those components has multiple subparts; for example, item B-3 under "hardware" is "10 CCTV (Closed Circuit Television) Camera Locations." In that subpart, the information that Electronic contends is proprietary and confidential is the number of CCTV cameras, servers, network devices enclosures, and network switches it would use to achieve that

requirement, as well as the unit price of each of those pieces of equipment.

In its order enjoining the Authority from releasing Electronic's detailed price proposal, the trial court accepted Electronic's assertions that the unredacted price proposal "indicates how [Electronic] designs and provides its systems and what each component costs, thereby enabling a competitor to determine how [Electronic] would perform the work and what is being charged for each component[,]" and that the way Electronic "compiles and integrates its servicing and pricing data is critical to its ability to deliver its services competitively."

We conclude that Electronic failed to provide any evidence to support its assertion that the detailed pricing information in its unredacted price proposal would enable a competitor to deduce how Electronic designs its systems and, therefore, merits protection under the trade secrets exemption. The conclusory statement in Electronic's verified complaint, that the method by which it allocates costs and pricing for the services it provides is unique, provides no specific basis to evaluate its claims. Electronic did not present the testimony or affidavit of any agent or employee with knowledge of its design process. Thus, there was no evidence before the trial court explaining that the number of, to continue with the example given above, cameras, servers, enclosures, and switches Electronic would use to provide ten CCTV camera locations was dictated by design decisions that might differ from the design decisions made by other bidders. Absent such evidence, there was no evidence from which the trial court could find that an unredacted version of the price proposal, showing the quantity of each line item and the unit price, would enable a competitor to deduce Electronic's system design, as it claimed.

On this record, Electronic failed to support its contention that its detailed price proposal contains its trade secrets. Because there was no evidence to support the judgment, the trial court manifestly abused its discretion in enjoining the Authority from opening the document to inspection upon request. Cf. *Smith v. DeKalb County*, 288 Ga. App. at 576-578 (2).

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 14, 2010.

*Thurbert E. Baker, Attorney General, William W. Banks, Jr., Julie A. Jacobs, Assistant Attorneys General*, for appellant.

*Morris, Manning & Martin, Bruce C. Smith, William C. Goff*, for appellee.